# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2**9** 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

K & M Trucking Company
Michael Jack Stephens
128 Pinto Way
Bloomingdale,    Georgia 31302
912-429-3387

Kellie Dawn Clark
128 Pinto Way
Bloomingdale,    Georgia 31302
912-429-1607

VS.

UNITED STATES OF AMERICA, INC    (GOVERNMENT)

INTERNAL REVENUE TAX AND AUDIT SERVICES, INC  (IRS)

NAMED EMPLOYEES OF THE INTERNAL REVENUE SERVICE

Case: 1:07-cv-01162
Assigned To : Huvelle, Ellen S.
Assign. Date : 06/29/2007
Description: PRO SE GEN. CIVIL

| | | |
|---|---|---|
| A. | **GAYLE HODGES** | |
| | Internal Revenue Service | |
| | P. O. Box 12267; Stop 5701G | |
| | Covington, Ky.   41012 | |
| B. | **MARY HANNAH** | |
| | ACS support | |
| | P. O. Box 57 | |
| | Bensalem, PA.   19020-8514 | |
| C. | **LARRY LEDER** | |
| | ACS support | |
| | P. O. Box 57 | |
| | Bensalem, PA.   19020-8514 | |

**VERIFIED COMPLAINT, PETITION, AND CLAIM (SUIT) FOR DAMAGES**
**IN THE NATURE OF A COMPLAIN, PETITION, AND CLAIM**
**FOR DAMAGES UNDER THE AUTHORITY OF**
26 U.S.C. § 7433
26 C.F.R.  §301.7433-1
26 U.S.C. §7432
26 U.S.C. §7431
26 U.S.C. §7430
26 U.S.C. §7429
26 U.S.C. §7214
26 U.S.C. §7804
26 U.S.C.§6532
others

**RECEIVED**

JUN 0 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**1.    INTRODUCTION**

**A.**    On or about February 1-2, 2006 Kellie Dawn Clark (K & M Trucking) received a notice of levy from First Chatham Bank, Form 668A(c), dated January 28, 2006. This form was from the ACS (automatic collection service) support, P.O. Box 57, Bensalem, Pennsylvania, 19020-8514. Signed by a computer generated name of Mary Hannah. Please note: Plaintiff received a notice from the bank first.

**B.**    On or about February 9th, 2006 Kellie Dawn Clark (K & M Trucking) received "taxpayer's notice of levy" from the ACS support, P. O. Box 57, Bensalem, Pennsylvania, 19020-8514. Again, signed by a computer generated name of Mary Hannah.

**C.**    On or about February 17th, 2006, First Chatham Bank seized the bank account of Kellie Dawn Clark. She was told by bank employee's the money was sent to the INTERNAL REVENUE SERVICE. The amount seized was **85.05.** The Actions by bank officials show a complete disregard for the UNITED STATES CONSTITUTION, GEORGIA CONSTITUTION, and due process of law guaranteed every citizen.

**D.**    This levy was issued because the IRS claims that (K & M Trucking) owed 950.47. This figure came from the form 668 A (c), dated 01/28/2006. **See Exhibit  D.** On this exhibit also please note a few needed items:

> A. K & M Trucking Co.    Federal ID. NO. 58-2677308         Sole Proprietorship as of 2003.
>
> B. KELLIE D. CLARK    SSN         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 V    INDIVIDUAL,    natural person.
>
> C. K & M Trucking Co.    Federal ID. NO.  05-0536882         Partnership

**E.**    I, Michael Jack Stephens, took over K & M Trucking Co. as a sole proprietorship. I went to all the trouble to change the Fed. Id. No. and did the proper paperwork, to the Government, and IRS to make sure something like this does not happen. The money, alleged, that is owed is my responsibly, NOT MS. CLARK'S. As of the date of change Ms. Clark has nothing to do with K & M Trucking Co. at all. She has done some paperwork for me, but that's all. She is NOT the proper party for this alleged amount to be levied against. Further more, Ms. Clark had filed bankruptcy in Savannah, Georgia on March 07, 2006. **See Exhibit M.**

The IRS took every dime this lady had in her account. The IRS left her completely without any means to support herself, buy groceries, buy gas, or pay her rent. This Plaintiff was intentionally, and with malice, violated by the Government agency, IRS. There is no excuse for such actions on behalf of the IRS. If their procedures, which are in place, would have been followed this action against Plaintiff Clark would have been prevented. But as you can see, and will see other evidence of Plaintiff(s), we have done all else except sue, for damages. In

this action you will see all the letters we have written to named agents above. You will see that the named agents refused to answer some, and the one's they did answer were frivolous. So let's get to the facts as Plaintiff(s) clearly see the truth of this illegal levy, and illegal assessment of taxes. Plaintiff(s) will show primary evidence from the Master Files of K & M Trucking Co. how the IRS employees made false entries, false amounts, and total illegal entries of another Companies accounts onto the master file of K & M Trucking Co. master file. Plaintiff(s) will show you the decode of all document locator numbers (DLN) and why, and how they are false. Plaintiff(s) request the Judge to please remember, this information came from the IRS thru a FOIA request for Plaintiff(s) master file. The last pages will show the FACTS of our case, FACTS of false entries, FACTS of wrong entries, (entries and money not connected in any way with K & M Trucking Co.), which brought about the amounts of this levy on form 668 A (c). Plaintiff(s) will show how the master file has been changed by internal employees, and how the exact amounts of this levy was derived at, and from where the IRS employee's got their figures.

## 1ST CLAIM

### VIOLATION OF §6303: NOTICE AND DEMAND FOR TAX

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 2nd CLAIM

### VIOLATION OF §6203: METHOD OF ASSESSMENT

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 3RD CLAIM

### VIOLATION OF 26 CFR §301.6201-1: METHOD OF ASSESSMENT

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 4TH CLAIM

### VIOLATION OF §6330: NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 5TH CLAIM

### VIOLATION OF §6330 (b): RIGHT TO FAIR HEARING

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 6TH CLAIM

### VIOLATION OF §6330 (d)(1)(2): PROCEEDING AFTER HEARING

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 7TH CLAIM

### VIOLATION OF SERVICE POLICY P-5-34

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 8TH CLAIM

### VIOLATION OF SERVICE POLICY P-5-47

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 9TH CLAIM

### VIOLATION OF SERVICE POLICY P-1-1

### IRM 1.2.1.2.11

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 10TH CLAIM

### VIOLATION OF §6320: NOTICE AND OPPORTUNITY FOR HEARING UPON FILING OF LIEN.

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 11TH CLAIM

### VIOLATION OF §6331(a): LEVY AND DISTRAINT

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 12TH CLAIM

### VIOLATION OF §6331(d): REQIRMENTS OF NOTICE BEFORE LEVY

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 13TH CLAIM

### VIOLATION OF §6159: AGREEMENTS FOR PAYMENT OF TAX LIABILITY IN INSTALLMENTS

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 14TH CLAIM

### VIOLATION OF §6331(j): NO LEVY BEFORE INVESTIGATION OF STATUS OF PROPERTY

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 15TH CLAIM

### VIOLATION OF §6751: PROCEDURAL REQUIREMENTS

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 16TH CLAIM

### VIOLATION OF 26 CFR §601.106 (1) RULE II.

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 17th CLAIM

### VIOLATION OF §6325: RELEASE OF LIEN OR DISCHARGE OF PROPERTY

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 18TH CLAIM

### VIOLATION OF §6334: PROPERTY EXEMPT FROM LEVY

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 19TH CLAIM

### VIOLATION OF FEDERAL RECORDS ACT (44 USC §3101)

### VIOLATION OF NATIONAL ACHIVES ACT (44 USC §3106)

### VIOLATION OF FEDERAL REGULATIONS AT (36 CFR , PART 1222)

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 20TH CLAIM

### VIOLATION OF 44 U.S.C. §3501 THRU 3520: FEDERAL AGENCY RESPONSIBLITIES

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 21TH CLAIM

### VIOLATION OF 5 CFR §1320.0 THRU 1320.20: PAPERWORK REDUCTION ACT

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 22ST CLAIM

### VIOLATION OF 18 USC § 1341: MAIL FRAUD

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 23ND CLAIM

### VIOLATION OF 18 USC §1346: SCHEME TO DEFRAUD

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 24RD CLAIM

### VIOLATION OF §7602(c): NOTICE OF CONTACT OF THRID PARTIES

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

### 25TH CLAIM

### VIOLATION OF 26 U.S.C. § 4481: EXCEPTION CLAUSE FOR SMALL OWNER-OPERATORS

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

### 26th CLAIM

### VIOLATION OF U.S. CONSTITUTION

### ARTICLE 1, SECTION 8, CLAUSE 16:

To exercise exclusive legislation of all cases whatsoever, over such District (not exceeding ten MILES square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like authority over all places purchased by the Consent of the legislature of the State in which the Same shall be...

### THE IRC IS ONLY ENFORCEABLE ON FEDERAL PROPERTY

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 27TH CLAIM

### VIOLATION OF 13TH AMENDMENT OF THE CONSTITUTION

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 28TH CLAIM

### VIOLATION OF TITLE 42 U.S.C. §1981: EQUAL RIGHTS UNDER THE LAW

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 29TH CLAIM

### VIOLATION OF 42 U.S.C. §1985:

### (2) OBSTRUCTION OF JUSTICE

### (3) DEPRIVING PERSON OF RIGHS

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 30TH CLAIM

### VIOLATION OF 18 U.S.C. §241: CONSPIRACY OF RIGHTS

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 31TH CLAIM

### VIOLATION OF 18 U.S.C. §242: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## 32ST CLAIM

### VIOLATION OF 15 U.S.C. 1692 q (b); FAIR DEBT COLLECTION ACT

All person's principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

## FACT ONE: SEE EXHIBIT A

### Facts about the 227.42 assessment

**Look at first entry on sheet:**

| Transaction Code/date | | amount | cycle date | DLN |
|---|---|---|---|---|
| **150** | 12202004 | **412.50** | 200449 | **17495-311-04875-4** |

TC of 150 means: when posted to the Entity Transaction Section indicates the Master File entity was created from

the posting of the return: ( I personally like the way government employees create something out of nothing)

Please Note:   This clearly shows Plaintiff(s) did file a Form 2290, Heavy Vehicle Use Tax, for 2004-2005 yr.
Amount posted here was  **412.50  which clearly shows paid with return.**

Cycle Date:     200449          12/09/2004
Cycle: One week's processing at the Campus and Martinsburg Computing Center.

Document Locator Number breakdown:

| | | | |
|---|---|---|---|
| a. | first two digits; | IRS office or service center number | |
| b. | thrid digit | tax class | |
| c. | fourth, fifth digits: | document code | |
| d. | six, seven, eight digits: | Julian Date: | a system of number the days of a year from 001 through 365 (or 366). The Julian Date number is the 6th, 7th, and 8th digits of the DLN. |
| e. | 9th, 10th, and 11th digits | blocking series: | Complete information can be found in IRM 5.4 for Remittance Documents, and IRM 3.10.72 for NON-remittance Documents for blocking series. See sec. 4.12 for Returns Processing Adjustment Blocking Series. For Payer Master File (PMF) W3 payer DLN the 9th thru 13th digits are used as a single five position sequence number ranging from 00000 thru 99999 within unique FLC, Doc. Code (37, 38, 39, & 40) and Julian Day. |
| f. | 12th and 13th digits: | serial numbers: | the maximum number of records within a block is 100 and they are serially numbered from 00 thru 99. |
| g | 14th digit: | list year: | the last year digit of the year the DLN was assigned. This digit is computer generated: |

**DLN: 17495-311-04875-4**

17:      Service Center (Cincinnati Service Center)

4      Excise Taxes

95:      document code: 1099 MISC (5), 2290(4). number in ( ) is tax class for that document.

311:    Julian Date:       12/09/2004

048:   Block Series:   IMF(individual master file): Adjustment with original return;
                       BMF(business master file): Adjustments with the original return attached, **NOT valid**
                       for Forms 11C, 706, 709, & 730:
       11C:   Special Tax Return and Application for Registry-Wagering
       706:   United States Estate Tax Return
       709:   United States Gift Tax Return
       730:   Tax on Wagering

75:    serial numbers:   There are 75 serially numbered records filed under this DLN.

4:     List year   2004

Questions about this DLN decode:

1.     Why was this return sent outside the district where filed and where Plaintiff(s) live?

2.     Why are there 75 records filed under this DLN? What are the records? Who/what do they pertain too?

3.     Why a post date of 12-20-2004, when this return and payment was sent to the IRS on 09-14-2005

4.     Why a check mailed and received by the IRS is back posted 9 months on this Master File?

5.     Why a check and 2290 return mailed for a completely different entity (Company) is posted on
       K & M Trucking's Master File?

6.     Why have employee's back dated and posted this money to the wrong account?

7.     Why did IRS employee's make a false entry, put false information on this master file?

8.     What are the names of the employee's who made a fraudulent entry on this Master File?

9.     How do Plaintiff(s) know this is a False Entry?

       Please see **Exhibit 3**.          Check Number 712 for 412.50, the exact amount of entry,
                                          Stephens Southern Express, Inc., Fed. Id No on CK.
       Please see **Exhibit 4**.          Form 2290, Stephens Southern Express, Inc. with S.N of truck, and
                                          Federal Id No. 58-1614226
                                          Tax Period: Oct. 2005 thru June 30, 2006 (One Truck)
                                          ¾ of a tax period for this truck.

10.    **Why with all this information provided on Stephens Southern Express, Inc., (Check and Form 2290**
       **return) was this posted (and back dated) on K & M Trucking Master File?**

## FACT TWO: SEE EXHIBIT A

**Look at the 2nd entry on sheet:**

| Transaction Code/ date | | amount | cycle date | DLN |
|---|---|---|---|---|
| TC 610 | 12222004 | 137.50 | 20044408 | 17470-302-05171-4 |

**610:**    means Remittance with return, subsequent payment.

No explanation needed here, Plaintiff(s) just entered it here to show amount, and why this entry is necessary to show

the correct amount of the levy, and where they (IRS) got figures from.

## FACT THREE: SEE EXHIBIT A

**Look at the 3rd and 4th entries on sheet:**

| Transaction Code/ date | | amount | cycle date | DLN |
|---|---|---|---|---|
| 3rd: TC 196 | 05162005 | 1.04 | 20051808 | 17495-311-04875-4 |

**196    Interest Assessed    (same DLN as FACT ONE, this interest goes with that return)**

> **Illegal because: Additional Tax Assessment penalty against natural person. 26 U.S.C. 6020(b) only authorizes assessment involving taxes payable by <u>stamp.</u> IRM 5.1.11.9 specificially list the types of returns which SFR's, and by implication, additional tax assessments are authorized. 26 U.S.C. 6201 discusses assessment authority, which is amplified in 26 C.F.R. 301.6201-1. Illegal additional tax assessments are imposed by any one of the transaction codes listed 190, 196, 290, 294, 298, 300, 304, 308, 336, 400. Also why/how can the IRS assess interest on a return that was paid in full on the date is was submitted to the IRS?**

| 4th: TC 276 | 05162005 | 1.38 | 20051808 | 17495-311-04875-4 |
|---|---|---|---|---|

**276    Failure to pay tax penalty    (same DLN as FACT ONE, this penalty goes with that return)**

> **Illegal penalty against natural person. 26 U.S.C. 6671(b) and 26 C.F.R. 301.6671-1(b) says the only proper subject of penalties are officers of federal corporations. Also why/how can the IRS assessed "failure to pay tax penalty" when their records clearly show we paid this tax with return, and our check clearly shows it paid in full, with date and Fed. Id no. on return, and check.**

**Take 412.50 (1st entry) and substract 137.50 (2nd entry) you get 275.00**

**Take 275.00 and add 3rd AND 4th entries amount (1.04 and 1.38) you get 227.42.**

**Look at Form 668(A)(c) Notice of Levy the second entry (2290—10-01-2004——amount of 227.42)**

**The above shows where the IRS got it's figures from. The <u>employees took a payment, and subtracted another</u>**

**<u>payment and made a liability out of the difference.</u> But we showed clearly when you take the 1st entry of**

**412.50 and add the 2nd entry of 137.50 (both payments) <u>this equals the 550.00 total tax due on one truck.</u>**

<u>This is in violation of 26 U.S.C.§4481; exception clause for small owner operator: The tax for small owner operators is 3 dollars per 1,000 lbs of weight, per truck, per taxable period. We work with 80,000 lbs. So therefore 80,000 divided by 1,000 equals 80, and 80 times 3 equals 240.00 dollars, per truck, per taxable period.</u>

## FACT FOUR: SEE EXHIBIT A

Look at the 5th, 6th, 7th, and 8th entries now:

5th: T/C 971              06112005              20052508       63977-564-03883-5  CD-611

**971**    **Input transaction used to post identifying XREF TIN/tax period data whenever a TC-150 or**
        **Amended/Duplicate return has posted to the incorrect TIN/Tax period.**
        **MANUAL OVERRIDE OF COMPUTER SYSTEM;**

        The above entry clearly shows that the IRS considered correcting their error but instead done a
        action code of 611, on K & M Trucking. The Action Code (CD-611) means:

        "Third Party contact notification made by Collections" (see 6209—8-189)

DLN decode:

63:    Birmingham, Alabama, uses 07 Atlanta Service Center

9:     Tax class: All types of BMF tax only (Tax Class 9 refers only to delinquent accounts
            and returns area, entity changes, and transcripts.
            Payer Master File:

77:    Doc. Code: Forms listed under this 77 Code:
       a.    843 (0-9):       Claims
       b.    900(2,6,9):      Tax collection waiver
       c.    1127(2):         Application for extension of time for payment of tax
       d.    2350(2,5):       Application for extension of time for filing U.S. income tax.
       e.    2688 (2):        Application for extension of time for filing U. S. individual income tax return.
       f.    2749(3,6,9):     Request for 100% penalty assessment.
       g.    2758(2,9):       Application for extension of time for filing U. S. fiduciary or partnership return
       h.    3177A   (0-9)
             3177B   (0-9)
             3177C   (0-9)    Notice of Action for entry on master file.
       i.    3870 (1-9)       Request for adjustment Part 1 (54), Part 3 (77).
       j.    4356A (2,9)      Notice of available frozen credit.
       k.    4356SP(2,9)      Notice of available frozen credit, Puerto Rico.
       l.    4768 (5,6)       Application for extension of time to file U.S. Estate tax return and/or pay estate.
       m.    4868 (2,5)       Application for automatic extension of time to file Individual income tax return.
       n.    5147             no definition available
       o.    5308 (0)         Request for change/plan in trust year.
       p.    5466B (2,9)      Multiple record of disclosure
       q.    5558(0)          Extension of time to file:
       r.    5768 (9)         Election to lobby
       s.    6072 (0)         Notice of action for entry on the master file.
       t.    8800 (9)         Application for additional extension of time to file return for a
                              U.S. partnership and/or certain trust.
So being this DLN list a Tax class of (9), only the forms with 9 in ( ) apply to this transaction. So which ones?

How does anyone know? Who gave them authority to do a form and put it in a file and allegedly make other people

responsible for such actions?

564:    Julian date: 6-13-2005

038:    block series: IMF: Adjustments made with original return;

BMF: Adjustments made with the original return attached NOT valid for forms 11C, 706, 709 and 730: (same as above, reread that section).

83:    number of records filed under this DLN.    What is filed here? Who authorized this?

5:    list year (2005)

<u>6th</u>: T/C 971:          08222005          20053208          58277-999-99999-5    CD-061

**971**          same as above:   MANUAL OVERRIDE OF COMPUTER SYSTEM

The above entry clearly shows that the IRS considered correcting their error but instead done a action code of 61, on K & M Trucking. The Action Code (CD-61) means:

Module systemically or MANUALLY blocked from FPLP. Module MANUALLY blocked from SITLP, AKPFD.

DLN decode:

58:    Atlanta Office

2:    Tax class:          U.S. individual income tax

Why would a tax class of (2) be on a DLN for a Business Master File for Excise Tax?

77:    same forms as listed above for doc. code 77 with one exception! (tax class of 2 so only forms with (2).

999:    Julian date:    no date specified

999:    block series: IMF; Compete claim disallowance with original return (does not generate CP-55);
          BMF: Forms 1040NR- U.S. non-resident alien income tax return
                    1040EZ-U.S. individual Income tax Return

Why does the BMF show forms for tax class of 2, which does match tax class of this DLN?
Why does a BMF show a form for individual income taxes anyway?

99:    number of records filed with this DLN.

What is filed here? Who authorized this done?

5    list year  (2005)


THIS ENTRY IS CLEARLY A FALSE ENTRY. IT PRETAINS TO U.S. INCOME TAX, NOT EXCISE TAX. THIS LEVY IS FOR EXCISE TAX, FORM 2290. NOT INCOME TAX.

<u>7TH</u>: T/C 971          08062005          20053208          49977-614-59288-5    CD-069

**971**    Once again the above entry clearly shows that the IRS considered correcting their error but instead done a action code of 069, on K & M Trucking, The Action Code (CD-069) means:

Due Process Notice was issued:

<u>This is a false entry: There has been no due process notice, no offer of a CDPH, nothing except a levy in this case.</u>

DLN decode:

49:     Memphis Service Center

9:      Tax class

77:     same as above

614:    julian date:        8-2-2005

592:    block series:       IMF: W-4 civil penalty adjustments
                            BMF: no definition available

88:     number of records filed under this DLN:

5:      list year (2005)

Why does this DLN show no definition available for a Business Master File? It is posted to a BMF.
What records are filed here?

8th; T/C 971           09242005              20054008        28977-671-01024-5       CD-067

971     manual override of computer system, once again any employee can put false information of file.
        Action Code of (067) means:

        Due Process refused or unclaimed

**This is a false entry because I have not received or refused any mail. I have not moved, nor has anyone else,
because there's no one else involved in this but me.**

DLN decode:

28:     Philadelphia Service Center

9       same as above

77      same as above

671     Julian date:        9/28/2005

010:    block series: IMF; adjustments with original return:
                      BMF; adjustments with the original return attached NOT valid for 11C, 706, 709, & 730;

        See above what these forms are:

24:     serially numbered records filed under this DLN

5       list year (2005)

THIS CONCLUDES THE INFORMATION ABOUT THE 227.42 ASSESSED AGAINST K & M TRUCKING.

AND STOLEN FROM KELLIE D. CLARK'S BANK ACCOUNT.

## FACT FIVE: SEE EXHIBT B

### FACTS ABOUT ASSESSMENT 497.79

Look at 1st entry:  EXHIBIT B, PAGE 2 0F 3

| Transaction code/ date | | amount | cycle date | DLN |
|---|---|---|---|---|
| TC 290 | 10252004 | **550.00** | 20044108 (10/14/2004) | 17454-678-05100-4 |

**290:**    means: **ADDITIONAL TAX ASSESSMENT**

Had this been a properly filed 2290 information return for heavy vehicle use tax sent in by tax payer and signed or

approved by the taxpayer,  the TC 150 would have been here instead of TC 290. This entry was made by a employee

of the IRS and posted to Master file. There is NO 2290 on file to match this entry. This entry violates 26 USC 4481

under the exceptions clause for small owner operator, in 1983 the clause stated that small owner operators pay only

3.00 per thousand pounds. We work with 80,000 pounds. 80,000 divided by 1,000 equals 80. 80 times 3.00 equals

240.00 dollars instead of 550.00. So even if this was/is a 100% penalty applied, it is still false entry according to the

IRC.

DLN DECODED:

17      Cincinnati Service Center

4       excise tax

54      this document code is for forms: 843(0-9), 1040X(2), 1120X(3), 3354 (1-8), 3465 (0-9), 3870 (1-9)
        5601 (2), 8210 (2,3,5), 8278 (2,3), 8485 (1-8), DP (data processing) adjustment.

note:   Document 6209, page 1-13 (2003): Refile DLN—DLN assigned to return or other document after an audit
        of Campus adjustments has been completed. <u>The tax return and related documents are filed under this refile
        DLN rather than the original DLN. Refile DLNs can be identified by the 4th and 5th digits of the DLN.</u>
        <u>**A 47 document code means: Examination has handled the return.**</u>
        <u>**A 54 document code means: The Campus has processed the case.**</u>

Forms listed above with tax class of 4:

        843 (0-9)       claims form
        3354 (1-8)      Assessment Adjustment Document (6209; (2003), Section 2: page 2-11
        3465 (0-9)      Adjustment Return
        3870 (1-9)      Request for Adjustment (6209; (2003), Section 2: page 2-12
        8485 (1-8)      Assessment Adjustment Case record:

678     Julian Date:    10/04/2004

051     Block Series:   IMF; Tax, Penalty, Interest, or Freeze release without original return;
                        BMF; Adjustments with the original return attached for forms 2290 and 4638 ONLY.

note:   I do not see either one of the above mentioned forms listed; that goes with document code of 54:

00    Serially numbered documents filed with the DLN

4    list year 2004:

### Illegal Status:

TC 290 is illegal additional tax or interest assessment penalty against natural person. 26 USC §6020 (b) only authorizes assessments involving taxes payable by stamp. IRC 6020 (b) authorizes additional assessments ONLY involving taxes payable by stamp.
IRM 5.1.11.9 specifically lists the types of returns for which SFR, and by implication, additional tax assessments, are authorized. 26 USC §6201 authorizes/discusses assessment authority, which is amplified in 26 CFR §301.6201-1.

Questions about this decoded DLN:

1. Who posted this transaction to this master file? Name, Id No. and current address?

2. Which of the above mentioned forms did such as person  falsely fill out and file on this master file?

3. By what authority did such person fill out such form and post it to this master file?

4. Why is this transaction listed as 290 TC instead of 150 TC for a properly filed 2290?

5. Why is the cycle date shown, show that the cycle took place before the transaction was posted?
        Posted date: 10/25/2004            cycle date: 10/14/2004

6. Why is a claim listed above?
        claim –informal:  A request prepared by or for the taxpayer submitted on Form 1040X, 843, and 1120X to
                reduce liabilities previously assessed. It can also be an amended return,
            formal:  A letter or other document, not on Form 843, but prepared and signed by taxpayer,
                requesting changes to obtain correct and accurate reflection of his/her tax liability.

7. I demand a copy of above claim, letter, or other document (signed by taxpayer) which reflects this change?

8. Why does the Julian Date show earlier than the Cycle date and Post Date?

9. Why would anyone post an illegal transaction to a master file in violation of 26 USC §7804?

Look at 3rd entry: SEE EXHIBIT B; PAGE 2 OF 3

| Transaction code/ date | | amount | cycle date | DLN |
|---|---|---|---|---|
| 196 | 05162005 | 2.09 | 20051808 | 17454-678-05100-4 |

**196:**    means: **Interest assessed**

DLN DECODED:  This decode will be the same as the original above. This DLN clearly show Interest has been
        assessed against the TC 290 above. By using the same DLN and where Doc. Code is still 54
        this clearly show that an employee falsely posted another transaction at the same time the
        original transaction was posted.  This is false because the First (290) transaction is false.

**Illegal Status:  Same as above.**

Questions about this decoded DLN:

1. Who posted this transaction to this master file? Name, ID NO, and current address required.

2. By what authority did such person fill out any form and post it to this master file?

3. I demand a copy of all forms, letters, or other documents which reflects this change or filing?

4. Why would anyone post an illegal transaction to a master file in violation of 26 USC §7804?

Look at 4th entry: SEE EXHIBIT B; PAGE 2 OF 3

| Transaction code/ date | | amount | cycle date | DLN |
|---|---|---|---|---|
| 276 | 05162005 | 2.75 | 20051808 | 17454-678-05100-4 |

**276:**    means: **Failure to pay tax penalty.**

DLN DECODED:  This decode will be the same as the original above. This DLN clearly shows tax penalty has been
assessed against the TC 290 above. By using the same DLN and where Doc. Code is still 54
this clearly shows that an employee falsely posted another transaction at the same time the
original transaction was posted. This is false because the First (290) transaction is false.
If you start with a illegal transaction, all cross reference actions will be illegal also.

**Illegal Status:**

        **Illegal penalty against natural person. 26 USC §6671(b) and 26 CFR § 301.6671-1(b) say the only
person subject to penalties are officers of federal corporations. Penalties against a natural person are
prohibited by Article 1, Section 10 of the Constitution, which forbids "Bills of Attainder", which are
penalties imposed without a court trial. The IRC therefore only allows such penalties to be applied against
officers of federal corporations. All assessable penalties can only be applied to the types of 'person' defined
in these sections, which is ONLY an officer of a federally (not state) chartered corporation.**

Questions about this decoded DLN:

1. Who posted this transaction to this master file? name, idno, and current address required:

2. By what authority did such person fill out any form and post it to this master file?

3. I demand a copy of all forms, letters, or other documents which reflects this change or filing?

4. Why would anyone post an illegal transaction to a master file in violation of 26 USC §7804?

5. Why would anyone post an illegal transaction to a master file in violation of 26 USC § 7433?

Look at 9th entry: SEE EXHIBIT B; PAGE 2 OF 3

| Transaction Code/ date | | amount | cycle date | DLN |
|---|---|---|---|---|
| 670 | 02272006 | 57.05 | 20061008 | 28417-060-02000-6 |

**670:**    means: **Subsequent payment.**

DLN DECODE:

28      Philadelphia Service Center

4       tax class: excise taxes

17      doc. code ( alot of them)

060:    Julian Date: 3/1/2006

020:    Block series:    IMF; adjustment with original return;
                         BMF; Adjustment with the original return attached NOT valid for forms
                         11C, 706, 709, 730.

00      There are no documents filed under this DLN;  This is only a computer entry by some employee.

6       list year is 2006

**This entry is the payment of money STOLEN; levied against KELLIE D. CLARK'S BANK
ACCOUNT.What is interesting about this entry is:**

**(1) The IRS took 85.05 from the Bank Account.**

**(2) The IRS only posted 57.05 to the Master File Account.  Where is the other 30.00 dollars?**

Let's look at where these figures come from now: Look at EXHIBIT C, page 2 of 2:

2290    070120004       497.79

Take entry one (see Exhibit B; page 2 of 3) shows amount of 550.00, then subtract the payment 57.05 (9th entry);

then add 2.09 (entry 3), add 2.75 (entry 4) equals: 497.79

This clearly matches the assessment shown on Exhibit C, page 2 of 2, as of date: August 12, 2006.

Questions on this Decode:

1. Where did the other 30.00 dollars go to?

2. What agent took/got possession of 85.05 dollars and only turned in 57.05?

3. What agent has commented theft?

4. What agent has stolen from the Government?

5. Where did the Bank send this money too?

6. Who originally took possession of money from Bank Account?

7. How much money is owed now?

## OTHER REASON WHY WE DON'T OWE ALLEGED TAX

TITLE 26, U.S.C. §4481

Effective date of Jan. 6, 1983 amendment; special rule, Act Jan. 6, 1983, P. L. 97-424, Title V, §513(f), 96 Stat. 2179, provides;

(1) In General: Except as other wise provided in this subsection, the amendments made by this section [amending 26 uscs §4481, 4482, and 4483 and classified in part as a note to this section] shall take effect on July 1, 1984.

(2) Special rule in the case of certain owner-operators.

(A) In General, in the case of a small owner operator, paragraph (1) of this subsection and paragraph (2) of Section 4481(a) of the Internal Revenue Code of 1954 [1986] (as added by this section) shall be applied by substituting for each date contained in such paragraphs a date is 1 year after the date so construed.

(B) Small owner-operators. For purpose of this paragraph, the term "small owner operators" means any person who owns and operators at any time during the taxable period **no more than 5 highway motor vehicles** with respect to which a tax is imposed by section 4481 of such Code for such taxable period.

**Special rule in case of certain owner operators.** Act July 18, 1984, P.L. 98-369 Div. A, Title IX, Subtitle A, §901 (b), 98 Stat. 1003, provides:

(1) Special rule for taxable period beginning July 1, 1984. In the case of a small owner operator, the amount of the tax imposed by **section 4481 of the Internal Revenue Code of 1954 [1986]** on the use of any highway motor vehicle subject to tax under section 4481 (a) of such Code (as amended by subsection (a)) for the taxable period which begins on July 1, 1984, **shall be the lesser of—**

(A) $3 for each 1,000 pounds of taxable gross weight (or fraction thereof) or;

(B) the amount of the tax which would be imposed under such section 4481 (a) without regard to this paragraph.

AMOUNTS:

80,000 GROSS DIVIDED BY 1,000 EQUALS 80; TIME 3.00 EQUALS $240.00 PER TRUCK; PER TAXABLE PERIOD. NOT ONE DIME MORE.

ALL THE RECORDS WE HAVE RECEIVED FROM THE IRS THRU A FOIA REQUEST, CLEARLY SHOW EVEN IF THE EMPLOEES DID NOT MAKE FALSE ENTRIES WE STILL HAVE OVERPAID BY SOME 52.00 PLUS.

**REMEDY:**

**ONE:**    26 U.S.C. § 7433: CIVIL DAMAGES FOR CERTAIN UNAUTHORIZED COLLECTIONS.

**TWO:**    26 U.S.C. §7432: CIVIL DAMAGES FOR FAILURE TO RELEASE LIEN.

**THREE:**    26 U.S.C. § 7431: CIVIL DAMAGES FOR UNAUTHORIZED DISLCOSURE OF RETURNS

**FOUR:**    26 U.S.C. § 7430: AWARDING OF COSTS AND CERTAIN FEES

**FIVE:**    26 U.S.C. §7429: REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES

**SIX:**    26 U.S.C. § 7214: OFFENSES BY OFFICERS AND EMPLOYEES OF THE UNITED STATES

**SEVEN:**    26 U.S.C. §7804: OTHER PERSONNEL: TERMINATION OF EMPLOYMENT

**EIGHT:**    26 U.S.C. §6325: RELEASE OF LIEN OR DISCHARGE OF PROPERTY

**NINE:**    18 U.S.C. §872; EXTORTION BY OFFICERS OR EMPLOYEES OF THE UNITED STATES

**REMEDY SOUGHT**

(a)    **See Exhibit D:**

Mailing of Notice of Levy: dated 01/28/2006; signed by Mary Hannah

(1) one count of mail fraud

(2) termination of employment due to misconduct

(3) for violations of procedure under Title 26, due to negligence and total disregard; this person recklessly and with malice violated due process procedures. Plaintiff(s) seek damages pursuant of 7433 for negligence of $100,000.00 dollars.

(b)    **See Exhibit E:**                                          **subtotal: $100,000.00**

Mailing of Taxpayer's Copy of Notice of Levy; dated 01/28/2006. signed by Mary Hannah

(1) one count of mail fraud

(2) termination of employment due to misconduct

(c)    **See Exhibit F:**

April 25th, Letter, mailed to Gail Hodge. Mrs. Hodge received it on May 01, 2006. Due to time involved in writing this letter plaintiff(s) seek damages of $100.00 dollars

(d)    **See Exhibit G:**                                          **subtotal: $100,100.00**

June 7th, Letter: Faxed to Gayle Hodge.        UNANSWERED

(1) Due to acts of omission, where silence is fraud, when it was clearly a duty to speak. Plaintiff(s) seek damages of 100.00 for time involved in writing this letter.

(2) $2,000.00 damages for her refusal/silence in fraud. It was her duty to answer Plaintiff(s).

(3) For violations of procedure under Title 26, due to negligence and total disregard; this person recklessly and with malice violated due process procedures. Plaintiff(s) seek damages pursuant of 7433 for negligence of $100,000.00 dollars.

(e)    **See Exhibit H:**                                                                              subtotal: 202,200.00

June 17th, letter: Mailed to Gail Hodge.        UNANSWERED CM# 7005-3110-0003-1881-4277

(1) Due to acts of omission, where silence is fraud, when it was clearly a duty to speak. Plaintiff(s) seek damages of $100.00 for time involved in writing this letter.

(2) $2,000.00 damages for her refusal/silence in fraud. It was her duty to answer Plaintiff(s).

(f)    **See Exhibit I:**                                                                              subtotal: $204,300.00

June 28th, Letter: Mailed to Gayle Hodge.        UNANSWERED CM# 7005-3110-0003-1881-4307

(1) Due to acts of omission where silence is fraud, when it was clearly a duty to speak. Plaintiff(s) seek damages of $100.00 for time involved in writing this letter.

(2) $2,000.00 damages for her refusal/silence in fraud. It was her duty to answer Plaintiff(s).

                                                                                                      subtotal: 206,400.00

(g)    **See Exhibit J and Exhibit K:**

July 10th, Letters: Mailed the following asking for help:

| | | | |
|---|---|---|---|
| 1. FBI Atlanta, GA. | CM# 7005-3110-0003-1881-4352 | REC/DATE | July 12, 2006 |
| 2. Comm. of IRS. | CM# 7005-3110-0003-1881-4345 | REC/DATE | July 20, 2006 |
| 3. Sec. of Treasury | CM# 7005-3110-0003-1881-4338 | REC/DATE | July 13, 2006 |
| 4. Mary Hannah | CM# 7005-3110-0003-1881-4314  no green card returned to plaintiff. How does an IRS agent stop Postal Delivery of mail and stop the return receipt from being sent back to mailer? | | |
| 5. Gail Hodge | CM# 7005-3110-0003-1881-4321  no green card returned to Plaintiff. How does an IRS agent stop Postal Delivery of mail and stop the return receipt from being sent back to mailer? | | |

(h)    July 10th 2006 Plaintiff(s) received a letter (LTR 644C) from IRS, Cincinnati, Ohio 45999-0060. Signed by Mary Jo Williams.

This letter made reference to April 25th Letter, and the IRS also returned the following letters Plaintiff(s) had mailed to Gayle Hodges.

a. June 17th , 2006

b. June 7th, 2006

c. April 25th, 2006

Letter stated: The IRC Section cited in your enclosed correspondence refers to a vehicle sold under suspension of tax. This does not apply to taxable vehicle which is subsequently sold. Please see the enclosed attachment for further information.

The only other attachment was a cover sheet with a payment voucher, CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT EVEN IF YOU ALSO HAVE AN INQUIRY.

(1) Due to acts of omission, where silence is fraud, when it was clearly a duty to speak. Plaintiff(s) seek damages of 100.00 for time involved in writing this letter.

(2) $2,000.00 damages for her refusal/silence in fraud. It was her duty to answer Plaintiff(s).

(3) For violations of procedure under Title 26, due to negligence and total disregard; this person recklessly and with malice violated due process procedures. Plaintiff(s) seek damages pursuant of 7433 for negligence of $100,000.00 dollars.

(4) Termination of employment due to misconduct.

(5) Charge Mary Jo Williams with Extortion under 18 U.S.C. §872.          **subtotal: 308,400.00**

(i)    August 08th , 2006 Plaintiff(s) received a letter (LTR 2845C). In this letter it stated:

"Thank you for your correspondence received July 25th 2006." Plaintiff(s) have not mailed any other correspondence the IRS would have received on this date. Again Mary Hannah has not corrected her computer entries, as she again ask for a payment. **Plaintiff(s) do not owe this tax liability. Plaintiff(s) will not make a payment on a tax fraud liability.**

(j)    **See Exhibit L:**

August 12th, 2006 received a letter (Letter 3228; LT 39) asking for payment in full or agree to payment plan. Signed by Larry Leder, from ACS Support, P. O. Box 57, Bensalem, PA. 19020-8514.

(1) Again Mr. Leder  continues to ask for a payment, extort money from Plaintiff(s). Mr. Leder has recklessly, intentionally, with malice seeking to defraud Plaintiff(s) of a tax NOT OWED. We seek damages against agent Leder for extortion, disregard of IRC of $100,000.00 for negligence and total disregard of procedures in the Code.

(2) Termination of employment for misconduct

(3) Charge Mr. Leder with Extortion under 18 U.S.C. §872.          **subtotal: 408,500.00**

(k)    The un-named IRS employees, agents, directors, involved in the stealing of the $30.00 that was taken from the Bank and NOT posted to the account.

(1) Charge all un-named personal with Extortion.

(2) Charge all un-named personal with direct violation of Civil Rights of Plaintiff(s).

(3) Charge all un-named personal with misconduct of employment.

(4) Charge all un-named personal with Mail Fraud.

(5) Charge all un-named personal with obstruction of Justice.

(6) Charge all un-named personal with other charges as the Court seeks as proper.

(l)    Plaintiff (CLARK) seeks damages for all violations of her civil rights and stealing of Bank Account under false allegations, theft by deception, and all listed above damages.

    (1)    Under 7433, for a serious violation against Plaintiff NOT involved in the day to day business of one K and M Trucking Company, and as Person NOT responsibly for the allege tax liability. Since this information has come to show that the IRS has made false entries, false tax allegations, false tax liability by way of such false entries in the Master File of K & M Trucking Co. This information came to Plaintiff(s) since the filing of one Admin. Claim, thru FOIA research of one master file to try and make sense of this tax liability. There is no sense here, just fraud, and false allegations.

    (2)    For damages to Plaintiff (CLARK) by above personal and thru deliberate, direct falsification of one master file record, Plaintiff seeks **$1,000,000.00 dollars in** direct and punitive damages.

    (3)    Plaintiff(s) seeks all above named and un-named employees involved in making her homeless, and broke, to be terminated from employment, and fined under 7214 for each damage proved by court.

**subtotal: 1,408,500.00**

(m)    As a direct and proximate result of the reprehensible, egregious, and vexatious conduct and the malice intent shown with the wanton disregard of provisions of Title 26 United States Code and the regulations promulgated there-under by Defendant's principals, agents, officers, and/or employees of the Internal Revenue Service in connection with the stealing of money, Plaintiff(s) has/have and continue to suffer one or more of the following:

(1) substantial personal embarrassment, (2) loss of income, (3) loss of goodwill, (4) loss of business (5) loss of property, (6) loss of savings, (7) loss of sleep, due to stress, mental anguish, and heartache imposed on Plaintiff(s) due to employee(s) violating all procedure and Constitution guarantees.

(n)    Under 7433 Plaintiff(s) must show they exhausted their administrative remedies. Plaintiff(s) filed a claim on September 18, 2006. It was received in Atlanta, Ga. IRS office on September 21, 2006. Copy of Certified Mail receipt and return receipt (green card). See **Exhibit 1.** Also attached is a copy of said claim. See **Exhibit 2.**

(o)    Upon a determination that the defendant's principals, officers, agents, and/or employees of the Internal Revenue Service in connection with the collection (stealing) of an alleged tax liability from Plaintiff(s), willfully, recklessly, intentionally, and with malice, or by reason of negligence disregarded any provision of Title 26 United States Code and/or any regulation by which they are

bound, Plaintiff(s) seek an ORDER:

1.    Directing defendants to pay damages in accordance with above remedy sought.

2.    Directing defendants to pay such relief other and further damages as the court deems just and fair.

3.    All to mail and apology to Plaintiff(s) for each of their violations of the Code.

4.    All defendants be charged with a criminal act to be so prosecuted.

5.    All defendants to be discharged from employment for misconduct.

6.    Other relief that might be available to Plaintiff(s).

7.    Any other relief the Court deems proper, just and honest.

8.    Plaintiff(s) will be adding to this any other damages upon which we may find out about under our FOIA request which have NOT been answered yet.

DATE: June 01, 2007

_____
Kellie D. Clark    all rights reserved

_____
Michael Jack Stephens    all rights reserved

## ACKNOWLEDGEMENT

On the above inscribed date before the undersigned, a Notary Public for the State of Georgia, personally appeared, Kellie D. Clark and Michael Jack Stephens, known to me to be the person(s) whose name(s) and subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

_____
Notary,

MELISSA F BEASLEY
NOTARY PUBLIC Fulton County, GA
STATE OF GEORGIA
My Commission Expires January 16, 2011

MOTION FOR DISCOVERY
BILL OF PARTICULARS

ALL MUST BE CERTIFIED COPIES UNDER PENALTY OF PERJURY

1. Provide Plaintiff(s) with the summary record of assessment (23C) for this alleged liability?

      a. 23C must be certified using form 2866 (Certification of Official Record).

      b. If 23C does not exist then provide Plaintiff(s) with form 3050 (certification of non-exist of records).

2. Provide Plaintiff(s) with all documents filed under DLN    17454-678-05100-4

3. Provide Plaintiff(s) with all documents filed under DLN:    35454-542-05183-6

4. Show why Campus (35) (Indianapolis has authority to look at this BMF?    Georgia Business.

5. Provide Plaintiff(s) with all documents filed under DLN:    17495-311-04875-4

6. Show why Campus (17) (Cincinnati has authority to look at this BMF?    Georgia Business.

7. Provide Plaintiff(s) with all documents file under DLN:    28977-671-01023-5    Action Code: 067

8. Show why Campus (28) (Philadelphia has authority to look at this BMF?    Georgia Business.

9. Provide Plaintiff(s) will all documents filed under DLN:    49977-614-59288-5    Action Code: 069

9a. Provide all documents that prove due process notice was issued?

**Under FACT ONE:**

10. What IRS employee made this entry onto the BMF?

      a. Provide name and ID NO, and current address. Plaintiff intents to sue this employee for criminal charges from the result of actions against Plaintiff(s).

**Under FACT THREE:**

11. What IRS employee made 3RD ENTRY onto this BMF?

      a. Provide name, ID NO. and current address. Plaintiff will seek criminal charges against employee.

12. What IRS employee made 4TH ENTRY onto this BMF?

      a. Provide name, ID NO. and current address. Plaintiff will seek criminal charges against employee.

13. Provide Plaintiff(s) certified proof that the HVUT is 550 for Small owner operators?

14. Provide Plaintiff(s) certified proof that the HVUT is 240 for Small owner operators?

15. Provide (Certified Proof) names, and current addresses of assessment officers for Atlanta, Georgia district?

16. Under 6331(a): Provide copy of this section? Which was deliberately left off Levy 668(A)(c).

17. Under 6331(j): Provide copy of investigation file on status of property?

18. Under 6751(b): Provide copy of supervisors approval for penalties?

19. Provide plaintiff(s) a certified copy of the BMF "third party contact file" IRS/Treasury 00.333?

20. Provide Plaintiff(s) a certified copy of the BMF "third party contact reprisal records" IRS/Treasury 00.334?

**Under FACT FIVE:**

21. Provide Name and Id of employee who posted this TC to BMF?

22. Why does the cycle date shown, show that the cycle took place before the transaction was posted?

23. Provide Plaintiff(s) a copy of any claim, letter, or other document (signed by taxpayer) which reflects any change?

24. Why does the Julian Date show earlier that the Cycle date and Post date?

25. What agent received the Money from Bank in Savannah?

26. What did agent do with the missing 30.00 dollars?

27. What agent posted the entry on BMF for 57.05? Provide name and address.

_June 01, 2007_
Date:

_Michael Jack Stephens_
Michael Jack Stephens    all rights reserved

_Kellie D. Clark_
Kellie D. Clark    all rights reserved

*A*

000768

PAGE NO-0001

### *BMF MCC TRANSCRIPT-SPECIFIC*                    EMP NO 79-271-50365

ACCOUNT NO 58-2677308                08-28-2006
NAME CONT- CLAR                      CYCLE-200634
*******************************************************************************
FOR-7927150365 BY-7927150365 ON-08282006 TYP-S-60-200410
TIME-14:30 SRC-I                     PROCESSED ON-240
                                     REQUESTED TAX MODULE FOUND ON MF

                                            BODC-SB BODCLC-V
        KELLIE D CLARK               XREF SSN-██████-5148
    S   K&M TRUCKING SERVICES
        128 PINTO WAY
        BLOOMINGDALE        GA 31302-4717-282
                                 TC07X/TC09X-0
                                                        FZ>    -
LOC-5825                     EMP-        ESTAB-122003 637-    CAF-
YEAR REMOVED-       ENT EXT CYC-060301  FYM-    PMF-    CRINV-  130-
RAF 940-0 941-0 943-0 944-0 945-0 CT1-0 RPTR-  8123-  PFYM-   BANKRPT-  BLLC-
1042-0   EFTPS 940-0 941-0 943-0 944-0  FTD ALERT SUPPRESS-   FTD FIDUC LRA-
945-0 CT1-0 720-0 1042-0 CORP-0         TEFRA PTSHP ELECT-    ELECT TXPRD-
LARGE CORP-              CEP-
NTEE CD-      ELEC DEP YR-
              ELEC DEP IND-
FR-  941-01    940-1
OWLP-              DBC-12-31-2003
WP-      BO-102002

****************************
* TAX PERIOD 60    200410 * 3/11/2004    REASON CD-          MOD EXT CYC-060301
****************************
FS-0       CRINV-  LIEN-         17495-311-04875-4    CAF-    FZ>T    -
TDA COPYS-                       TDI COPYS-
      INT TOLERANCE-  MATH INCREASE-  HISTORICAL DO-58 BWNC-   BWI-
MF MOD BAL-             277.42          C CORP-    2% INT DT-
                                                    GATT-0
ACRUED INTEREST-     25.93  09042006   CSED-12202014
ACCRUED PENALTY-     42.62  09042006   RSED-11302007
FMS-8 IA CD-0                          ARDI-0          ASED-11302007

  )  150 12202004            412.50       200449
                                17495-311-04875-4    CD-11302004 SRC-
RET RCVD DT-11302004            PREPARE IND-0  PREPARE TIN-
                                       TAX PER T/P-          412.50
                                INSTALL-0

  )  610 10222004            137.50-    20044408 17470-302-05171-4
                                PRC-

  )  196 05162005              1.04     20051808 17495-311-04875-4
                                REFERENCE AMT-

  \  276 05162005              1.38     20051808 17495-311-04875-4
************************CONTINUED ON NEXT PAGE************************

EXHIBIT B   1 83

000764

PAGE NO-0001

### *BMF MCC TRANSCRIPT-SPECIFIC*          EMP NO 79-271-50365

ACCOUNT NO 58-2677308                08-28-2006
NAME CONT- CLAR                      CYCLE-200634
**********************************************************************
FOR-7927150365 BY-7927150365 ON-08282006 TYP-S-60-200407
TIME-14:30 SRC-I                     PROCESSED ON-240
                                     REQUESTED TAX MODULE FOUND ON MF

                                              BODC-SB BODCLC-V
        KELLIE D CLARK              XREF SSN-▆▆▆▆-5148
   S    K&M TRUCKING SERVICES
        128 PINTO WAY
        BLOOMINGDALE        GA 31302-4717-282
                                 TC07X/TC09X-0
                                                      FZ>    -
LOC-5825                         EMP-        ESTAB-122003 637-    CAF-
YEAR REMOVED-        ENT EXT CYC-062201  FYM-    PMF-    CRINV-   130-
RAF 940-0 941-0 943-0 944-0 945-0 CT1-0  RPTR-  8123-  PFYM-  BANKRPT-  BLLC-
1042-0      EFTPS 940-0 941-0 943-0 944-0  FTD ALERT SUPPRESS-  FTD FIDUC LRA-
945-0 CT1-0 720-0 1042-0 CORP-0          TEFRA PTSHP ELECT-   ELECT TXPRD-
LARGE CORP-              CEP-
NTEE CD-      ELEC DEP YR-
              ELEC DEP IND-
FR-  941-01    940-1
OWLP-                DBC-12-31-2003
NP-        BO-102002

****************************
* TAX PERIOD 60   200407 * 2/19/2004     REASON CD-        MOD EXT CYC-062201
****************************
FS-0       CRINV-  LIEN-          35454-542-05183-6   CAF-   FZ>T   -
TDA COPYS-                        TDI COPYS-
       INT TOLERANCE-   MATH INCREASE-  HISTORICAL DO-58 BWNC-    BWI-
MF MOD BAL-           497.79              C CORP-     2% INT DT-
                                                     GATT-0

ACRUED INTEREST-        47.43  09042006  CSED-10252014
ACCRUED PENALTY-        81.26  09042006  RSED-08312007
FMS-8 IA CD-0                            ARDI-0            ASED-08312007

  ✓ 150 09202004  Sept.     550.00      200436
                                        17495-164-05871-4   CD-08312004 SRC-
RET RCVD DT-08312004  Aug.              PREPARE IND-0  PREPARE TIN-
                                        TAX PER T/P-              550.00
                                        INSTALL-0

    610 06012004      137.50-           20042408 17470-159-00815-4
                                        PRC-

    610 07092004      137.50-           20043008 17470-201-00328-4
                                        PRC-

  ✓ 976 08312004       0.00             20043608 17495-220-05155-4
***************************CONTINUED ON NEXT PAGE***************************
Posted Duplicate Return

EXHIBIT B    2 of 3

000765

PAGE NO-0002   TAX PERIOD 60 200407*CONTINUED

                    *BMF MCC TRANSCRIPT-SPECIFIC*           EMP NO 79-271-50365

  ACCOUNT NO 58-2677308              08-28-2006
  NAME CONT- CLAR                    CYCLE-200634
**********************************************************************

                                    PRC-
                                        10-14-2004
✓  290 10252004        550.00       20044108/17454-678-05100-4 ✓
                                    HC  ARC              INTD         PC
Additional TAX                      CORRESPONDDT-        CREDIT DT-
assessment (6020(b)                 REFUND STATUTE CONTROL DT-
                                    AMD CLMS DT-          CIS MF IND-0
                                    CSED-10252014 ✓

✓  670 12302004        275.00-      20050308 18417-005-02501-5
                                    PRC-
                                    DESG PAY CD-99

)  196 05162005          2.09       20051808 17454-678-05100-4
                                    REFERENCE AMT-

)  276 05162005          2.75       20051808 17454-678-05100-4
                                    PRC-

(  971 06112005---------------      20052508 63977-564-03884-5
                                    XREF-                 971 CD-611
                                    X-MFT-00 MEMO-               FTD ALRT-0

X  971 08222005---------------      20053208 58277-999-99999-5
                                    XREF-                 971 CD-061
                                    X-MFT-00 MEMO-               FTD ALRT-0

/  971 08062005---------------      20053208 49977-614-59289-5
                                    XREF-                 971 CD-069
                                    X-MFT-00 MEMO-               FTD ALRT-0

|  971 09242005---------------      20054008 28977-671-01023-5
                                    XREF-                 971 CD-067
                                    X-MFT-00 MEMO-               FTD ALRT-0

\  670 02272006         57.05-      20061008 28417-060-02000-6
                                    PRC-
                                    DESG PAY CD-05

   290 06122006          0.00       20062208 35454-542-05183-6 X
                                    HC  ARC              INTD         PC
                                    CORRESPONDDT-        CREDIT DT-
                                    REFUND STATUTE CONTROL DT-
                                    AMD CLMS DT-          CIS MF IND-0
                                    CSED-

MF STAT-20 09202004         0.00       200436 ✓
MF STAT-21 05162005       550.00       200518— 1543
************************CONTINUED ON NEXT PAGE************************

E                    B    3 ℬ 3

000766

PAGE NO-0003   TAX PERIOD 60 200407*CONTINUED

                    *BMF MCC TRANSCRIPT-SPECIFIC*          EMP NO 79-271-50365

 ACCOUNT NO 58-2677308                08-28-2006
 NAME CONT- CLAR                      CYCLE-200634
********************************************************************************
MF STAT-58 06202005          554.84     200523 — 1544
MF STAT-22 08082005          554.84     200530 — 1545

Department of the Treasury
Internal Revenue Service
ACS SUPPORT
PO BOX 57
BENSALEM, PA 19020-8514

Date:
AUG. 12, 2006

Taxpayer Identifying Number:
  58-2677308      G 05

Caller ID:                    582253

Contact Telephone Number:
TOLL FREE: 1-800-829-3903
BEST TIME TO CALL:
MON - FRI  8:00AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-3903

KELLIE D CLARK
K&M TRUCKING SERVICES
128 PINTO WAY
BLOOMINGDALE  GA   31302-4717282

## Reminder Notice

We are required by law to remind you periodically in writing about your overdue tax. The amount you owe is shown on the back of this letter.

You do not need to contact us about this letter if you are working with us to resolve your account. However, please call the telephone number listed above if you:

- have unanswered questions about the overdue taxes.
- wrote or called us more than 30 days ago and have not received a reply.

If you have NOT been working with us to resolve your account, please read the rest of this letter carefully. Then, based upon your situation, take the action listed in either Step 1 or Step 2.

**Step 1:**
If you agree with the amount shown on the back of this letter and have no questions, send us full payment. Make your check or money order payable to United States Treasury. Write your tax identifying number and the tax period(s) on your payment. Use the envelope provided and include the enclosed return cover sheet when sending us your payment or correspondence. Keep this letter for your records.

**Step 2:**
Call the telephone number listed above if you:

- believe the overdue tax is incorrect or have other questions.
- are unable to pay your overdue taxes in full. Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan.

This office is authorized to take enforcement action to collect the amount you owe. This can include taking your property, or rights to property, such as wages, bank accounts, real estate or automobiles. We may also file a Notice of Federal Tax Lien without giving you advance notice. A lien is public notice to your creditors that the government has a right to your interests in your current assets and assets you acquire after we file a lien. This can affect your ability to obtain credit. To avoid possible enforcement actions, we must hear from you within 10 days from the date of this letter.

Enclosures: Return Cover Sheet, Envelope



Operations Manager, Automated Collection System

*582677308223*

EXHIBIT C 282

| Account Summary | | KELLIE D CLARK | | | 58-2677308 |
|---|---|---|---|---|---|

| Type of Tax | Period Ending | Assessed Balance | Accrued Interest | Late Payment Penalty | Total |
|---|---|---|---|---|---|
| 2290 | 07-01-2004 | $ 497.79 | $ 48.19 | $ 79.07 | $ 625.05 |
| 2290 | 10-01-2004 | $ 277.42 | $ 25.13 | $ 41.24 | $ 343.79 |

**\*TAX PERIOD BEGINNING**          **Total Amount Due  $       968.84**

| Type of Tax | Period Ending | Name of Return |
|---|---|---|
| | | |

Form 668-A(c)
(Rev. January 2001)

Department of the Treasury — Internal Revenue Service

**Notice of Levy**

DATE: 01/28/2006

REPLY TO:
ACS SUPPORT
PO BOX 57
BENSALEM, PA 19020-8514

TELEPHONE NUMBER    SEQNUM 02479
OF IRS OFFICE:
TOLL FREE              1-800-829-3903
SBV

TO:  P

DPC05

*a fictitious NAME all capital letters*

NAME AND ADDRESS OF TAXPAYER:

KELLIE D CLARK
K&M TRUCKING SERVICES
128 PINTO WAY
BLOOMINGDALE GA 31302-4717282

FIRST CHATHAM BANK
111 BARNARD STREET
SAVANNAH GA
31401

IDENTIFYING NUMBER(S):    58-2677308
CLAR  G  05            ████-5148V

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 2290 | 07-01-2004* | $    554.84 | $    78.81 | $    633.65 |
| 2290 | 10-01-2004* | $    277.42 | $    39.40 | $    316.82 |

**\*TAX PERIOD BEGINNING**

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUALS' RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ➤

Total Amount Due ➤ $    950.47

We figured the interest and late payment penalty to _____ 02-28-2006 _____.

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in Section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please bring a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative

Title    Operations Manager, Collection

Form **8519**
(Rev. January 2001)

**Department of the Treasury—Internal Revenue Service**

**Taxpayer's Copy of Notice of Levy**

| | |
|---|---|
| DATE: 01/28/2006 | TELEPHONE NUMBER SEQNUM 02479 |
| | OF IRS OFFICE: |
| REPLY TO: | TOLL FREE 1-800-829-3903 |
| ACS SUPPORT | SBV |
| PO BOX 57 | |
| BENSALEM, PA 19020-8514 | |

P

TO:

KELLIE D CLARK
K&M TRUCKING SERVICES
128 PINTO WAY
BLOOMINGDALE GA 31302-4717282

FIRST CHATHAM BANK
111 BARNARD STREET
SAVANNAH GA                31401

IDENTIFYING NUMBER(S):
                                    58-2677308
CLAR  G  05
                                    -5148V

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 2290 | 07-01-2004* | $        554.84 | $        78.81 | $        633.65 |
| 2290 | 10-01-2004* | $        277.42 | $        39.40 | $        316.82 |

*TAX PERIOD BEGINNING

IS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT
ANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL,
LESS IT IS SIGNED IN THE BLOCK TO THE RIGHT. ➤

Total Amount Due ▶   $        950.47

Ie figured the interest and late payment penalty to        02-28-2006

lthough we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we
ave sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

anks, credit unions, saving and loans, and similar institutions described in section 408(n) of the
ternal Revenue Code must hold your money for 21 calendar days before sending it to us. They must
iclude the interest you earn during that time. Anyone else we send a levy to must turn over your money,
roperty, credits, etc. that they have (or are already obligated for) when they would have paid you.

you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check,
ertified check, or money order ) to the nearest IRS office with this form, so we can tell the person who received
iis levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time
) stop the person who received this levy from sending us your money.

we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for
andling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

you have any questions, or want to arrange payment before other levies are issued, please call or write us. If
ou write to us, please include your telephone number and the best time to call.

| gnature of Service Representative | Title |
|---|---|
| *Mari Hannah* | **Operations Manager, Collection** |

*Kellie's Copy*

EXHIBIT F 183

K and M Trucking Co.
128 Pinto Way
Bloomingdale, Georgia 31302
April 25, 2006

Ms. Gayle Hodge
Internal Revenue Service
P. O. Box 12267
Stop 5701 G
Covington, Kentucky 41011

Re: Notice of Levy: Form 668 A (c)

Said Penalty should be removed per the following section. We have seen no such written assessment.

> 26 USC § 6751 Procedural requirements.
> (b) Approval of assessment. (1) in general. No Penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate.

Truck S/N 2HSFHALR8SCO16713 was sold on 9/13/04 to the following:
Mr. Richard Zorn    Check Account No: 5103090295

K and M Trucking paid $137.50 on Tax in question on June 01, 2004, per the IRS records.

Per the following cite, no more tax was due from us on this vehicle:

> 26 USC §4483 : (4) Relief from liability for tax under certain circumstances where truck is transferred.
> Under regulations prescribed by the Secretary, the owner of a highway motor vehicle with respect to which the collection of the tax imposed by by §4481 is suspended under paragraph (1) shall not be liable for the tax imposed by § 4481 (and the new owner shall be liable for such tax) with respect to such vehicle if—
> (A) such vehicle is transferred to a new owner,...

EXHIBIT G

K and M Trucking Co.
Michael Stephens
Kellie D. Clark
c/o 128 Pinto Way
Bloomingdale, Georgia 31302
912-429-3387          phone
912-748-7826          fax

TO:    GAYLE HODGE
       I. R. S.
       COVINGTON, KY.  41012

RE: FORM 2290 / FORM 720 / Form  668 A (c)
I.D. NO: 58-2677308

We mailed you a letter, which I received the return receipt on dated: May 01,
2006. You had 30 days to check information, and release levy. We have not heard
from your office, as to the intent of the IRS regarding this notice of Levy.

We would appreciate you looking at this so we can clear this up as soon as
possible. You are in violation of 26 U.S.C. § 6325 of the Internal Revenue Code
of 1986.

This mail was Faxed on June 7, 2006, around 4.00 P. M. by Michael Stephens.

                                        Thank you for your help

*Michael Stephens*
Michael Stephens                        K and M Trucking co.
Representative                          Kellie D. Clark
                                        June 7, 2006

cc. file

K and M Trucking Co.
Michael Stephens
Kellie D. Clark
c/o 128 Pinto Way
Bloomingdale, Georgia 31302
912-429-3387        phone
912-748-7826        fax

TO:    GAYLE HODGE
       I. R. S.
       COVINGTON, KY.   41012

RE: FORM 2290 / FORM 720 / Form  668 A (c)
I.D. NO: 58-2677308

We mailed you a letter, which I received the return receipt on dated: May 01,
2006. You had 30 days to check information, and release levy. We have not heard
from your office, as to the intent of the IRS regarding this notice of Levy.

We would appreciate you looking at this so we can clear this up as soon as
possible. You are in violation of 26 U.S.C. § 6325 of the Internal Revenue Code
of 1986.
This mail was Faxed on June 7, 2006, around 4.00 P. M. by Michael Stephens.

Once again I find myself having to demand an answer to what should be easy to
fix, by the information we sent your office. If you are not the one handling this
now please let me know. As before the IRS has intentionally refused to answer
my request and release of levy. We sent all information and the reasons why it
must be released. But as of today (June 17, 2006) we have not received any
release or reason why it is not being released.

THIS IS OUR DEMAND FOR NOTICE LETTER TO THE AGENT (GAYLE
HODGE). WE DEMAND ANY EXPLANATION AND RELEASE OF LEVY
MENTIONED ABOVE.

                                    Thank you for your help

*Michael Stephens*
Michael Stephens                    K and M Trucking co.
Representative                      Kellie D. Clark
                                    June 17, 2006

cc. file

EXHIBIT   I  -d2

**June 28, 2006**
**CERTIFIED MAIL:** _7005  3110  0003  1881  4307_
**RETURN RECEIPT:**

K and M Trucking Co.
Michael J. Stephens
Kellie D. Clark
c/o 128 Pinto Way
Bloomingdale, Ga. 31302
912-429-1607
912-748-7826 fax

Gayle Hodge
Internal Revenue Service
P. O. Box 12267
Stop 5701 G
Covington, Ky.        41012

**RE: Notice of levy; Form 668 A (c)**

We mailed <u>First letter</u> on this matter to you on (April 25, 2006), Return receipt shows your office received it on (May 01, 2006). We explained in detail why K & M trucking, did not owe this money to the IRS.

On June 7, 2006 (Michael J. Stephens) faxed your office a **<u>second request</u>** to help us clear this matter up as soon as possible.

On June 17, 2006, WE mailed you a **<u>third request</u>** on this matter. As before we find is impossible to do any kind of business with the Internal Revenue Service, because of such treatment. We have cooperated with your office, in every way possible to get the information to you, that clearly show this matter should have never taken place. Now here it is June 28, 2006 and we still have heard nothing from your office, or any office as to the reason levy is not released. If it is released why have we not been sent a copy of said release for our records.

This is our **<u>fourth request</u>** to get an answer from your office as to the problem with this matter. Our records clearly show we owe the IRS no money on any of the truck in question. Furthermore, we should have a 35.00 dollar credit as to the same trucks in question.

1

Ms. Gayle Hodge, you are now in violation of 26 U.S.C. § 6751, 26 U.S.C. § 6325, and we will have to proceed with a Federal tort claim under 26 CFR 301.7432-1 Civil cause of action for failure to release a lien/levy, 26 CFR 301.7433- lawsuit for damages on this account, and 26 U.S.C. 7214 against you for violation of the code, Georgia Constitution, and Federal Constitution, 14th Amendment of equal protection laws, 5th Amendment violation of Trial by Jury, and 26 CFR 601.702, Rule II.

**You have 20 days to respond to this letter.** We have given your office and yourself from March 23, 2006 when we faxed you, that we needed S/N of which trucks this applied too. Our response to that was on April 25, 2006 as too why we did not owe said amounts. This is (4) four months and we have heard absolutely nothing from anyone within the Internal Revenue Service.

Bank accounts have been levied on, and you are responsible for this action.

Sincerely

Michael Jack Stephens
All rights reserved
K and M Trucking Co.

Kellie Dawn Clark
All rights reserved

cc: file

*20 working days is = July 31, 2006*

2

**Date: July 10, 2006**

Kellie Dawn Clark
c/o 128 Pinto Way
Bloomingdale, Georgia 31302
912-429-1607

Michael Jack Stephens
c/o P. O. Box 781
Pooler, Georgia        31322
912-429-3387

FBI ATLANTA
Suite 400
2635 Century Parkway
Northeast
Atlanta, Georgia        30345-3112
404-679-9000

Re: 26 U.S.C. 7432, 26 USC 6532, violation of IRC codes by agents:
    18 USC 1341, 1342. Mail fraud, 26 USC 6331(j), 26 USC 6330(a);
Re: Levy: money taken without due process of rights:

    We come now a show the following. The IRS did levy Ms. Clark bank
account at First Chatham Bank, Savannah, GA. We have tried to contact the IRS
agent we first talked too, Ms. Gayle Hodges. We have sent 4 letters requesting
release of levy, and the reasons why the levy is not lawful. As of this letter we
have had no response from Ms. Hodges, or any other agents within the IRS.

Copy of said levy is enclosed for your review. This levy was signed by Ms. Mary
Hannah. This is a computer document put out by the ACS (automatic collection
service) within the IRS. We are contacting your office because under the
IRS 7432, we must exhaust all admin. remedies before we sue in Federal Court.
A letter from your office might be all that is needed to properly get these agents
to do their job. If they refuse to do their job, we must demand your office arrest
these agents, and prosecute them under the above provisions.

So therefore we ask for intervention from the FBI, to help resolve this issue.
Under IRC §7214:

### 26 USC 7214—Criminal offenses by IRS agents

## IRC 7214. Offenses by officers and employees of the United States.
## (a) unlawful acts of revenue officers or agents

ly
ith
ing
ə
ə
.

f
?1,

an
ı

o

al

ı.

ıg

EXHIBIT  J   43

Enclosures: copy of all letters; copy of proof why we have requested help;
        copy of payment records from the IRS office;

Copy of this was also sent to the following:

    1)    Commissioner of Internal Revenue
           Department of the Treasury
           Mr. Mark W. Everson
           1111 Constitution Ave. N. W. Room 3000
           Washington, D. C. 20224

    2)    Secretary of the Treasury
           Office of the Secretary
           1500 Pennsylvania Ave. N.W.
           Washington, D. C. 20224

    3)    Ms Gayle Hodges
           Internal Revenue Service
           P. O. Box 12267
           Stop 5701 G
           Covington, Ky    41012

    4)    Ms Mary Hannah
           ACS support
           P. O. Box 57
           Bensalem, PA    19020-8514

                        Sincerely;

                        Michael Jack Stephens
                        All rights reserved

                        Kellie Dawn Clark
                        All rights reserved

cc. file:

*NOTE: all sent Certified Mail Return Receipt Requested*

EXHIBIT





UNITED STATES POSTAL SERVICE

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7005 3110 0003 1881 4338

• Sender: Please p

Kellie
c/o 128
Bloom

WASHINGTON DC 20224

| Postage | $0.87 |
| Certified Fee | $2.40 |
| Return Receipt Fee (Endorsement Required) | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.12 |

POOLER GA
0762
08
JUL 10 2006
USPS - 31322
07/10/2006

Sent To
*Secretary of Treasury*
*1500 Pennsylvania Ave NW*
*Washington, D.C. 20224*

---

UNITED STATES POSTAL SER

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7005 3110 0003 1881 4345

• Sender: Please pr

Kellie
c/o 128
Bloom

WASHINGTON DC 20224

| Postage | $0.87 |
| Certified Fee | $2.40 |
| Return Receipt Fee (Endorsement Required) | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.12 |

POOLER GA
0762
08
JUL 10 2006
USPS - 31322

Sent To
*Commissioner of IRS*
*111 Constitution Ave Rm 3000*
*Washington, D.C. 20224*

---

UNITED STATES POSTAL SERV

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7005 3110 0003 1881 4352

• Sender: Please pri

Kellie
c/o 128 P
Bloomin

ATLANTA GA 2036

| Postage | $0.87 |
| Certified Fee | $2.40 |
| Return Receipt Fee (Endorsement Required) | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $5.12 |

0762
08
POOLER GA
JUL 10 2006
07/10/2006
USPS - 31

Sent To
*FBI    ATLANTA*
Street, Apt. No.;

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)
JUL 13 2006

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Secretary of Treasury
1500 Pennsylvania Ave.
N.W.
Washington, D.C.
20224

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*)
7005 3110 0003 1881 4338

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Commissioner of IRS
1111 Constitution Ave.
N.W. Room 3000
Washington, D.C.
20224

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

2. Article Number
(*Transfer from service label*)
7005 3110 0003 1881 4345

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)
CPIKE

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

FBI ATLANTA
Suite 400
2635 Century Parkway
N.E.
Atlanta, Georgia
30345

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*) ☐ Yes

Department of the Treasury
Internal Revenue Service
ACS SUPPORT
PO BOX 57
BENSALEM, PA 19020-8514

Date:
AUG. 12, 2006

Taxpayer Identifying Number:
58-2677308      G 05

Caller ID:                        582253

Contact Telephone Number:
TOLL FREE: 1-800-829-3903
BEST TIME TO CALL:
MON - FRI  8:00AM TO 8:00 PM
ASISTENCIA EN ESPANOL 1-800-829-3903

KELLIE D CLARK
K&M TRUCKING SERVICES
128 PINTO WAY
BLOOMINGDALE  GA   31302-4717282

### Reminder Notice

We are required by law to remind you periodically in writing about your overdue tax. The amount you owe is shown on the back of this letter.

You do not need to contact us about this letter if you are working with us to resolve your account. However, please call the telephone number listed above if you:

- have unanswered questions about the overdue taxes.
- wrote or called us more than 30 days ago and have not received a reply.

If you have NOT been working with us to resolve your account, please read the rest of this letter carefully. Then, based upon your situation, take the action listed in either Step 1 or Step 2.

**Step 1:**
If you agree with the amount shown on the back of this letter and have no questions, send us full payment. Make your check or money order payable to United States Treasury. Write your tax identifying number and the tax period(s) on your payment. Use the envelope provided and include the enclosed return cover sheet when sending us your payment or correspondence. Keep this letter for your records.

**Step 2:**
Call the telephone number listed above if you:

- believe the overdue tax is incorrect or have other questions.
- are unable to pay your overdue taxes in full. Be ready to tell us what your monthly income and expenses are so we can help you arrange a payment plan.

This office is authorized to take enforcement action to collect the amount you owe. This can include taking your property, or rights to property, such as wages, bank accounts, real estate or automobiles. We may also file a Notice of Federal Tax Lien without giving you advance notice. A lien is public notice to your creditors that the government has a right to your interests in your current assets and assets you acquire after we file a lien. This can affect your ability to obtain credit. To avoid possible enforcement actions, we must hear from you within 10 days from the date of this letter.

Enclosures: Return Cover Sheet, Envelope



Operations Manager, Automated Collection System

*582677308223*

Letter 3228 (Rev. 01-2004)(LT-39)

**EXHIBIT** *III*

Form B18 (GAS Form 18)(08/05)

# United States Bankruptcy Court

## Southern District of Georgia
### Case No. 05–42720–LWD
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):

Kellie Clark
128 Pinto Way
Bloomingdale, GA 31302

Social Security No.:
xxx–xx–5148

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT



*Lamar W. Davis, Jr.*

Lamar W. Davis Jr.
United States Bankruptcy Judge
PO Box 8347
Savannah, GA 31412

Dated: March 7, 2006

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

088736



**EXHIBIT 1**

**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

7006 0810 0006 5907 4393

| | |
|---|---|
| ATLANTA GA 30308 Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | $1.35 |
| Restricted Delivery Fee (Endorsement Required) | $2.40 |
| | $1.85 |
| Total Postage & Fees | $ $0.00 |

POOLER GA
SEP 1 2006
0762 Postmark
04
31322

Sent To  I.R.S - 401 W. Peachtree ST. N.W.
Street, Apt. No.; or PO Box No.  Room 900 Stop 333 - O
City, State, ZIP+4  Atlanta, Georgia 30308

PS Form 3800, June 2002

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   I.R.S.
   Technical Services Advisory
   T.E. Fenderson, Group Manger
   Room 900, Stop 333-O
   401 W. Peachtree St. N.W.
   Atlanta, Georgia 30308-3539

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                     ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
   Kiesha Morgan              9/7

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7006 0810 0006 5907 4393

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**Date: September 18, 2006**
**CERTIFIED MAIL: 7006-0810-0006-5907-4393**

To:  Internal Revenue Service                    From:  K & M Trucking
     Technical Services, Advisory                        Michael J. Stephens
     Attn: T. E. Fenderson, Group Manager               Kellie D. Clark
     Room 900, Stop 333-D                                P. O. Box 781
     401 W. Peachtree St. N. W.                          Pooler, Georgia      31322
     Atlanta, Georgia      30308-3539                    912-429-3387

        Re:    Federal Tort Claim, Administrative Claim
               Against the following;
               1. Internal Revenue Service
               2. united States Government
               3. Gayle Hodges
               4. Mary Hannah
               5. Mary Jo Williams
               6. Larry Leder
               7. others involved unnamed

Introduction

On or about February 1-2, 2006 (K & M Trucking) KELLIE D. CLARK received a notice of levy from First Chatham Bank, Form No. 668 A (c), dated January 28, 2006. This form was from the ACS (automatic collection service) support, P.O. Box 57, Bensalem, PA. 19020-8514. Signed by a computer generated name of Mary Hannah.

On or about February 9th, 2006 (K & M Trucking) KELLIE D. CLARK received taxpayer's notice of levy from the ACS support, P. O. Box 57, Bensalem, PA. 19020-8514, once again signed by a computer generated name of Mary Hannah.

On or about February 17th, 2006, The First Chatham Bank seized the bank account of KELLIE D. CLARK and told her they sent the monies to the IRS. The amount seized was 85.05 plus or minus a few cents. The Actions by bank officials show a complete disregard for the united States Constitution, The Georgia Constitution, and the due process of law.

The levy actions by the IRS shows a complete disregard for the very code sections of due process, under the administrative and procedures of the Revenue Act of 1986. KELLIE D. CLARK comes now and shows the principal, officers, agents, and employees in connection with this levy willfully, intentionally, and by reason of negligence disregarded proper procedure of Title 26.

The tax liability in question is Heavy Vehicle Use Tax, Form 2290 for year 2004.

1

## FIRST CLAIM

Violation of §6303: Notice and demand for tax.

(a) General rule. Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of assessment of a tax pursuant to §6203, **give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.**

All person's principals, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and by reason of negligence disregard above named section.

## SECOND CLAIM

Violation of § 6203: Method of Assessment

The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment.

All person's principals, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and by reason of negligence disregard above named section.

(a) Additional notes:
      4340 form "certificate of assessment"
      23c form "Assessment certificate"
      2162 form "summary of assessment"

3.17.41.10.9 Form 2162, summary of assessment
    1. Ensure that all manually prepared forms 23C have been entered into the RACS system by verifying that the assessment certificate number is on the audit trail page of the report.
3.17.63.14.4 Accounts Tax assessments—Principal
    3. Total tax class 1 assessment for the month will be summarized on computer generated Form 2162 which will become the external subsidiary.
4.15.3.3 (assessing amounts)
    2. Service center action—The service center will process the assessment and notify the area of the DLN and Form 23C, Certificate of Assessment data. This information will be placed on form 2644 and form 2859.
    4. After the assessment is processed by the service center and the DLN and 23C data has been placed on form 2644 and form 2859, the following items will be forwarded within one day to the service center accounting branch, Accounting and Control System, Journal and Ledger Unit.

5. A copy of form 2644, with the DLN and 23C date, will be returned to the examiner responsible for the jeopardy/termination assessment.

4.15.3.4 confirming assessment:

10. Follow-up will be done three weeks from the 23C assessment date for non-statute assessments.

**Document 7130, IRS printed products catalog as:**

**23C- Assessment Certificate-Summary Record of Assessments Form 23C is used to official assess tax liabilities. The completed form is retained in the Service Center case file as a legal document to support the assessment made against the taxpayer.**

3.17.63.14.4---Account 6110 Withholding Tax assessments.

2. All principal assessments must be recorded on Summary Record of assessments (Assessment Certificate). **The Assessment Certificate is the legal documents that permits collection activity.**

All the following sections say the exact same words as above.

| | |
|---|---|
| a. 3.17.63.14.5 | b. 3.17.63.14.6 |
| c. 3.17.63.14.7 | d. 3.17.63.14.8 |
| e. 3.17.63.14.9 | f. 3.17.63.14.10 |
| g. 3.17.63.14.11 | h. 3.17.63.14.12 |
| i. 3.17.63.14.13 | j. 3.17.63.14.14 |
| k. 3.17.63.14.15 | l. 3.17.63.14.16 |
| m. 3.17.63.14.17 | n. 3.17.63.14.18 |
| o. 3.17.63.14.19 | p. 3.17.63.14.20 |
| q. 3.17.63.14.21 | r. 3.17.63.14.22 |
| s. 3.17.63.14.23 | t. 3.17.63.14.24 |

4.15.3.2—Preparing assessments

2. If the request is made by telephone:

Then provide the following information:

1. Affirmative statement that the area director approved Form 2644
2. Name, address, and TIN of the taxpayer
3. Type of Tax
4. Taxable period
5. Amount of tax, penalties with the appropriate transaction code(s), interested assessed, credit adjustments and/or reference numbers;
6. Amount of payment, if any, the balance due, 23C date; and
7. Document locater number (DLN)

4.19.1.1.1—Glossary

1. Some of the IRS acronyms used in Exam are listed below, Others can be found in the document 6209.

2. IRS acronyms are listed electronically:

THE VERY FIRST ONE: 23C ASSESSMENT DATE; MASTER FILE NOTICE DATE

3

"What is important in any case is that the assessment is not automatic upon recordation; it requires the action of an assessment officer. That action, as defined explicitly in the Treasury Regulations, is the signing of the Certificate id. at 867, see also Stallard v. United States, 806 F. Supp. 152, 158 (W.D. Tex. 1992). Defendant submitted a "Form 23C," which it asserts is a summary record of assessment. See also Robinson v. United States, 920 F. 2d 1157, 3rd Cir. 1990.

This is very clear as too the importance of the correct Assessment Certificate (23C) being done. No collection activity can happen without the alleged tax being assessment properly according to §6203 of the Code. Without proper assessment no tax is due.

## THIRD CLAIM

Violation of §6330: Notice and opportunity for hearing **before levy.**

(a) Requirement of notice before levy.
(1) In General. **No levy** may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their rights to a hearing under this section **before such levy** is made. Such
notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.
(2) Time and Method for notice. The notice requirement under paragraph (1) shall be—
    (A) given in person
    (B) left at the dwelling or usual place of business of such person; or
    (C) sent by certified or registered mail, return receipt requested, to such
    person's last known address;
**not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period.**

(a) additional notes:
    IRM 5.11.1.2.1 (01-01-2006)
1. Before property can be levied, the taxpayer must be given a
    * Notice and demand
    * Notice of intent to levy, and
    * Notice of a right to a collection due process (CDP) hearing
3. In addition, the taxpayer must be given a notice of intent to levy. The taxpayer has 30 days to pay the amount that is owed before property can be levied. See IRC 6331 (d).

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and by reason of negligence disregard above section named.

4

## FOURTH CLAIM

### Violation of § 6330 (b): Right to fair hearing

(1) In General. If the person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.
(2) One hearing per period.
(3) Impartial Officer.

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and by reason of negligence disregard above section named.

## FIFTH CLAIM

### Violation of § 6330 (d)(1)(2): Proceeding after hearing.

(1) Judicial review of determination. The person may, within 30 days of a determination under this section, appeal such determination—
> (A) to the Tax Court; or
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

If a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such appeal with the correct court.

(a) additional notes:
> Failure of IRS to offer or schedule collection due process
> hearing under §6330 requires dismissal of case in favor
> of taxpayers even though taxpayer raised constitutional
> issues at hearing.
> **Meyer v Commissioner (2000) 115 TC No. 31**

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and by reason of negligence disregarded above named section.

## SIXTH CLAIM

### Violation of Service Policy P-5-34

(1) Collection enforced through seizure and sale of the assets occurs only after thorough consideration of all factors and of alternative collection methods. The facts of a case and alternative collection methods must be thoroughly considered before determining seizure of personal or business assets is appropriate. **Taxpayers rights must be respected.** The taxpayer's plan to resolve past due taxes while staying current with all future taxes will be considered.

5

Opposing considerations must be carefully weighed, and the official responsible for making the decision to seize must be satisfied **that other efforts have been made to collect the delinquent taxes without seizing.** Alternatives to seizure and sale action may include an installment agreement, offer in compromise, notice of levy, or lien foreclosure. **Seizure actions is usually the last option in the collection process.** (2) All seizures will be approved by the Chief, collection division, with other specific seizures also requiring District Director, Assistant District Director, or Counsel approval, or court order.

In KELLIE D. CLARKS case seizure was the first and only option out there. It was the only direction taken. Ms. CLARK would like to see the approved signature of the above mentioned people. The document with their approval of the actions taken against her.

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of the alleged tax liability did, willfully, recklessly, intentionally, and by reason of negligence disregard the section above named.

## SEVENTH CLAIM

### Violation of Service Policy P-5-47

(1) Notices of lien generally filed only after taxpayers is contacted in person, by telephone or by notice:*** All pertinent facts must be carefully considered as the filing of the notice of lien may adversely affect the taxpayer's ability to pay and thereby hamper or retard the collection process.
(2) ***
(3) other notice of lien filing requirements: A notice of lien must be filed:
      (1) **Prior to instituting levy action on property in possession of the taxpayer; and**
      (2) **Prior to service of final demand for payment if there is reasonable probability that suit may later be instituted.**

In this case Levy action was taken before any other action, or demand for payments.

All person's principal, agents, officers, and employees of the Internal Revenue Service in connection with the collection of the alleged tax liability did, willfully, recklessly, and by reason of negligence disregard above named section.

6

## EIGHTH CLAIM

### Violation of Service Policy P-1-1

Mission of the Service (IRM 1.2.1.2.11)
(1) Mission of the Service; provide American's taxpayers top quality service by helping them understand and meet their tax responsibilities and by applying the law with **integrity and fairness to all.**

All person's principals, agents, officers, and employees of the Internal Revenue Service in connection with the collection of the alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard above named section.

## NINTH CLAIM

Violation of § 6320: Notice and opportunity for hearing upon filing of notice of lien.

(a) Requirement of notice. (1) In General. The Secretary shall notify in writing the person described in section 6321 of the filing of a notice of lien under section 6323.

Being in this case only a levy was put into play. This section was completely disregarded all together. Also see § 6320 (b), as to right to fair hearing.

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of the alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard above named section.

## TENTH CLAIM

### Violation of § 6331 (a): Levy and distraint

(a) Authority of Secretary. In any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property **(except such property as is exempt under section 6334)** belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. **Levy may be made upon the accrued salary, or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving notice of levy on the employer** ( as defined in section 3401 (d) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

7

In this case Ms. CLARK is none to the people clearly mentioned above. All statutory provisions must be met, clearly and only against persons mentioned within. Also on the back of notice of levy, Section (a) does not appear there. Wonder why not.

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of this alleged tax liability did, willfully, recklessly, intentionally, and by reason of negligence disregard above named section.

## 11th CLAIM

Violation of § 6331 (d): requirement of notice before levy.

(1) In general. Levy may be made under section (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intentions to make such levy.
(2) 30 day requirement. The notice required under paragraph (1) shall be—
    (A) given in person,
    (B) left at the dwelling or usual place of business of such person, or
    (C) sent by certified or registered mail to such person's last known address,
no less than 30 days before the day of the levy.

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of this alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard this above named section.

## TWELVETH CLAIM

Violation of § 6159: Agreements for payment of tax liability in installments.

(a) Authorization of agreements. The Secretary is authorized to enter into written agreements with any taxpayer under which such taxpayer is allowed to satisfy for payment of any tax in installment payments if the Secretary determines that such agreement will facilitate collection of such liability.

Ms. Clark was not offered this. Only Levy applied in this case.

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of the alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregarded the above named section.

## 13th CLAIM

Violation of § 6331 (j): no levy before investigation of status of property.

(1) In General. For purposes of applying the provisions of this subchapter, no levy be made on any property or right to property which is to be sold under section 6335 until a thorough investigation of the status of such property has been completed.
(2) Elements in investigation. For purpose of paragraph (1), an investigation of the status of any property shall include—
    (A) **a verification of the taxpayer's liability;**
    (B) the completion of an analysis under subsection (f);
    (C) **the determination that the equity in such property is sufficient to yield net proceeds from the sale of such property to apply to such liability; and**
    (D) **a thorough consideration of alternative collection methods.**

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of this alleged tax liability did willfully, intentionally, recklessly, and by reason of negligence disregard the above named section.

## 14th CLAIM

Violation of: Federal Records Act, (44 USC § 3101), National Archives Act, (44 USC § 3106, and Federal Regulations, at (36 CFR part 1222).

Which requires the Internal Revenue Service to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency.

The failure is supported by the GAO audit reports for the years 1993 through and including 2005. The following extractions from the GAO audit reports for the years 1993 and including 2003 established that without exception: IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transactions such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayers information; IRS cannot retrieve the detailed information needed to summarize individuals types of transactions, such as penalties or interest, or support the information included in IRS' reports: IRS cannot ensure that (1) Manual entries are appropriate and authorized and (2) any keying errors associated with manually inputted entries as detected; IRS systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS does not record tax assessments, payment, and other activities; and others too numerous to mention.

Ms. CLARK has asked several times, in several letters to employees to show why they allege this tax liability is true. To date we have no such proof. Letters sent are falling on deaf ears.

9

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with this alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard the above named section.

### 15th CLAIM

Violation of 44 U.S.C. § 3506: Federal Agency responsibilities

(C) with respect to the collection of information and the control of paperwork each agency shall—
(B) ensure that each information collection—
   (i) is inventoried, displays a control number and if appropriate, and expiration date;
   (ii) indicates the collection is in accordance with the clearance requirement of section 3507; and
   (iii) informs the person receiving the collection of information of—
(I) the reason the information is being collected;
(II) the way such information is to be used;
(III) an estimate, to the extent practicable, of the burden of the collection;
(IV) **whether responses to the collection of information are voluntary, required to obtain a benefit, or mandatory; and**
(V) the fact that an agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless **it displays a valid control number; and**

FORM 2290 DOES NOT COMPLY WITH THIS SECTION: All correspondence relating to the Form 2290 do not comply with § 3506, 3507. These laws are also found in the CFR at 5 § 1320-1320-20, and came from the Act (Paperwork reduction act of 1995) as amended, which is clearly shown at 109 STAT 163. Also Title 44 has been passed into positive law, pursuant of 1 U.S.C. 204. This clearly shows that this is very good law, for everyone to follow. Unlike Title 26, which you can not follow backwards under the same standard as above, and Title 26 has not been passed into positive law, pursuant of 1 U.S.C. 204. This clearly show a falsehood in respect.

(a) additional notes:
   also see: 44 U.S.C. 3507; 44 U.S.C. 1505; 44 U.S.C. 1501; 44 U.S.C. 1512;

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of this alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard this section.

## 16TH CLAIM

Violation of § 6571: Procedural requirements.

(b) Approval of assessment. (1) In general. NO penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediately supervisor of the individual making such determination or such higher level official as the Secretary may designate.

Ms. CLARK needs to see such documents with the approval of a higher level official in writing.

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with the collection of the alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard the above named section.

## 17TH CLAIM

Violation of 26 CFR 601.106 (1) Rule II:

"An exaction by the U.S. Government, which is not based upon law statutory or otherwise, is a taking of property without due process of law, in violation of the Fifth Amendment to the U.S. Constitution."

By seizing Ms. CLARK'S bank account; All person's principal, officers, agents, and employees of the Internal Revenue Service did willfully, recklessly, intentionally, and by reason of negligence disregarded this above named section.

## 18TH CLAIM

Violation of the Georgia Constitution

Article I, Section I;
    (a) Paragraph I:      Due process
    (b) Paragraph II:     Protection of person, property, equal under the law
    (c) Paragraph XI:    Right to trial by jury
    (d) Paragraph XIII:   Searches, seizures, and warrants protection
    (e) Paragraph XXII:  Slavery and involuntary servitude

Article I, Section II;
    (a) Paragraph V:     When acts void. Legislative Acts in violation of this
                          Constitution or the Constitution of the United States
                          are void, and the Judiciary shall so declare them.

1.    "Where rights secured by the Constitution are involved, there can be no rule
      making or legislation which would abrogate them."
      Miranda v. Arizona    384 U.S. 436 P. 491

2.    "An unconstitutional act is not law; it confers no rights; it imposes no duties;
      affords no protection; it creates no office; it is in legal contemplation, as
      inoperative as though it had never been passed."
      Norton v. Shelby County      118 U.S. 425 P. 442

All persons principal, officers, agents, and employees of the Internal Revenue Service in
connection with the alleged tax liability did willfully, recklessly, intentionally, and by
reason of negligence violate above named section(s).

## 19TH CLAIM

### Violation of 18 U.S.C. 1341: Mail Fraud

By mailing this Notice of Levy, thru the U.S. postal service, it being a false document,
did comment fraud as stated in above section. Per the Section 4481, exceptions clause,
the only money owed on trucks was 240.00 per truck for the taxable period of 2004.
(720.00). The amount paid according to the IRS records shows 772.55. Plaintiff was not
aware of the exceptions clause until this error on the part of the Internal Revenue Service,
has brought about studying the whole section, and found an exceptions clause to (Small
owner-operators) business with no more than 5 trucks. Plaintiff has never had over 3
trucks at all. So by the employees being bias and by their acts of omission, this
constitutes fraud.

All person's principal, officers, agents, and employees of the Internal Revenue Service in
connection with the alleged tax liability did willfully, recklessly, intentionally, and by
reason of negligence violate the above section by their acts of omission.

## 20th CLAIM

### Violation of 26 U.S.C. § 6325: Release of lien or discharge of property.

(a) Release of lien. Subject to such regulations as the Secretary may prescribe, the
Secretary shall issue a certificate of release of any lien imposed with respect to any
internal revenue tax not later than 30 days after the day on which—
(1) liability satisfied or unenforceable. ...has been fully satisfied or has become legally
unenforceable; or

This is also found in Handbook [5.12] 3.2 (02-22-2000) 1. Taxpayers have the right to
sue the Federal Government for damages in federal district court if any officer or
employee of the IRS knowingly or by reason of negligence fails to release a filed notice
of federal tax lien (levy). See IRC 7432 and IRC 6325 of the Code.

All persons named within principals, officers, agents, and employees of the IRS in connection with the collection of this alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard above section(s).

### 21ˢᵗ CLAIM

Violation of 26 U.S.C. 7602(c): Notice of contact of third parties.

1. General Notice. An officer or employee of the Internal Revenue Service **may not** contact any person other than the taxpayer with **respect to the determination or collection of the tax liability** of such person without providing reasonable notice **in advance to the taxpayer** that contacts with persons other than the taxpayer may be made.

This is also found in IRM 5.11.1.2.1 (01-01-2006)   Note:
         When a notice of levy is issued to a third party, it is a third party contact. Unless an exception applies, IRC 7602 (c) states taxpayer's must be given reasonable notice the Service plans to make such contacts to collect delinquent tax. **Make sure the taxpayer has been advised of potential third party contacts. See IRM 5.1.17, Third Party Contacts, <u>prior to issue of a levy.</u>**

There are 3 exceptions under the section. None of which apply to this case. All persons principal, officers, agents, and employees of the Internal Revenue Service in connection with this alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregarded this above named section.

### 22nd CLAIM

Violation of 26 CFR 1.6664-4. Reasonable cause and good faith exception to section 6662 penalties.
(a) In general. No penalty may be imposed under section 6662 with respect to any portion of an under payment upon a showing by the taxpayer that there was reasonable cause for, and the taxpayer acted in good faith with respect to, such portion.

By imposing additional penalties on said account all person's principal, officers, agents, and employees of the IRS in connection with the collection of the alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard above section.

### 23ᴿᴰ CLAIM

Violation of Service Policy P-10-42 (IRM 1.2.1.10.42):

1. All bona fide complaints or allegations will be investigated: an investigation will be made of all bona fide complaints or allegations of misconduct or irregularities concerning Service Officials or employees and in certain instances investigations may be made of non-service personnel when their actions may affect the integrity of the Service.

13

All persons principals, officers, agents, and employees of the Internal Revenue Service in connection with this alleged tax liability did recklessly, willfully, intentionally, and by a reason of negligence disregard this section.

## 24TH CLAIM
### Fair Debt Collection Practices Act (FDCPA)
### Violation of 15 U.S.C. 1692q (b):

The debt collector be able and willing to provide an original copy of the imputed debt liability, which in this case is evidence of a valid assessment that is procedurally correct.

Ms. CLARK has clearly shown why this alleged tax liability is false. Under the exceptions clause of not more than 5 trucks the tax liability is less.
All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with this alleged tax liability did willfully, recklessly, intentionally, and by reason of negligence disregard this above section.

## 25TH CLAIM

### Violation of 15 U.S.C. 1692 (e):

The debt collector cannot make a false or misleading representations about the nature of the debt. Making your (IMF, BMF) file virtually unreadable to you absolutely and defiantly refusing to provide the documents needed to understand it constitutes an attempt to at lease confuse or mislead the Creditor.

All person's principal, officers, agents, and employees of the Internal Revenue Service in connection with this alleged tax liability did willfully, recklessly, intentionally, and be reason of negligence disregard this above named section.

## 26TH CLAIM

### Violation of § 6334: Property exempt from levy

This entire section has been violated in regard to KELLIE D. CLARK, as to the fact she had filed bankruptcy (chapter 7, dated March 7, 2006) under the U.S. Bankruptcy Court, within the Savannah, Georgia Area Court. The hardship placed on her by the IRS without regard to the above section being considered at all. The stealing of her bank account money is theft by taking, extortion, slavery, involuntary servitude, total disregard for Constitutional protections, and all common rules of honest service, and law. The IRS has clearly left Ms. CLARK homeless, broke, destitute, no money or means to provide food, clothes, gas or any other needs for her survival. The IRS, and its employees has clear shown their true colors.

14

All persons principal, officers, agents, and employees of the Internal Revenue Service in connection with this alleged tax liability did **willfully, recklessly, intentionally, and be reason of negligence disregard this section, of protection, of the Code.**

## 27TH CLAIM

Service Policy P-5-36 ( IRM 1.2.1.5.9):

**1. Returning money wrongfully collected: <u>This policy statement has been revoked.</u>**

This policy statement has been applied to this case. Your officers, agents, principals, and employees have faithfully followed this section to the letter. You have not returned any money as of yet, that was illegally taken from Ms. CLARK'S bank account. This is affecting the right to honest service, the integrity, and honestly of the Service. There can be no clearer articulation of the Agency's (IRS) position. This general bias position is very clear. Seizure, unlawfully stealing Ms. CLARK'S bank account, without proper authorization, without a court order, very clearer shows bias of the IRS against the American public, human beings, citizens, and residents, ETC.

## REMEDY

ONE:       18 USC 241: Conspiracy against rights

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States...They shall be fined under this Title or imprisoned not more than ten years, or both.

TWO:       26 USC 7433: Civil damages for certain unauthorized collection actions.

(a) In general. If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly, or intentionally, or by reason of negligence, disregards any provision of this title,...(except as provided in section 7432)
(b) damages. In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of—
(1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and
(2) the costs of the action.

THREE:      26 USC 7214: Offenses by officers and employees of the U. States.

(a) Unlawful acts of revenue officers or agents. Any officer or employee of the United States acting in connection with any revenue law of the United States—
(1) who is guilty of any extortion or willful oppression under color of law; or
(2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as be law prescribe, for the performance of any duty; or...
(7) who makes or signs any fraudulent entry in any book, or makes or signs any fraudulent certificate, return, or statement; or...
shall be dismissed from office or discharge from employment and, upon conviction thereof, shall be fined not more than $10,000. or imprisoned not more than 5 years, or both.

FOUR:      18 USC 872: Extortion by officers or employees of the United States

Whoever, being an officer, or employee of the United States or any department or agency thereof, or representing himself to be or assuming to act as such, under color or pretense of office or employment commits an act of extortion, shall be fined under this title or imprisoned not more than three years, or both.

16

FIVE:        O.C.G. 16-8-3:
    A person commits the offense of theft by deception when he obtains property
    by any deceitful means or artful practice with the intention of depriving
    the owner of the property.
    (b) a person deceived if he intentionally;
            (1) creates or confirms another's impression of an
            existing fact or past event which if false and which the
            accused knows or believes to be false;
            (2) fails to correct a false impression of an existing fact
            or past event which he has previously created or confirmed.

SIX:        O. C. G. 16-8-2
    A person commits the offense of theft by taken when he unlawfully takes,
    or being in lawful possession thereof, unlawfully appropriates any property
    of another with the intention of depriving him/her of the property, regardless
    of the manner in which the property is taken or appropriated.

SEVEN:      26 USC 7804: Other personnel.
    Termination of employment for misconduct. Act July 22, 1998, P.L. 105-206,
    Title I, Subtitle C, §1203, 112 Stat 720, provides;
    (a) in general. Subject to subsection (c), the Commissioner of Internal Revenue
    shall terminate the employment of any employee of the Internal Revenue Service
    if there is a final administrative or judicial determination that such employee
    committed **any act or omission** described under subsection (b) in the
    performance of the employee's official duties. Such termination shall be a
    removal for cause on charges of misconduct.
    (b) Acts or omissions. The acts or omissions referred to under subsection (a) are:
    (1) willful failure to obtain the required approval signatures on documents
    authorizing the seizures of a taxpayer's home, personal belongings, or
    business assets;
    (2) providing a false statement under oath with respect to a material matter
    involving a taxpayer or taxpayer's representative;
    (3) with respect to a taxpayer, taxpayers representative, or other employee of
    the Internal Revenue Service, the violation of—
            (A) any right under the Constitution of the United States; or
            (B) any civil rights established under—
            (i) title VI or VII of the Civil Rights Act of 1964...
    (4) falsifying or destroying documents to conceal mistakes made by any employee
    with respect to a matter involving a taxpayer or taxpayer representative;...

EIGHT:      42 USC 1983: Civil action for deprivation of rights
        Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State of Territory or the District of Columbia, subjects, or causes to be
subjected, any citizen of the United States or other person within the jurisdiction thereof
to the deprivation of any rights, privileges, or immunities secured by the **Constitution
and laws**, shall be liable to the party injured in an action at law, suit in equity, ...

17

## DAMAGES

(a) Mailing of Notice of Levy: dated 01/28/2006. Signed by Mary Hannah;
1 count of mail fraud
Termination of employment due to misconduct (26 USC 7804)
For violations of Administrative Procedure per Title 26, due to negligence and total
disregard, this person recklessly, intentionally, and with malice violated due process
procedures. We seek damages pursuant of 7433 for negligence of 100,000.00 dollars.

(b) Mailing of Taxpayer's Copy of Notice of Levy: date 01/28/2006. Signed by Mary
Hannah; 1 count of mail fraud
Termination of employment due to misconduct (26 USC 7804)

(c) April 25th letter, mailed to Gayle Hodge. She received it on May 01, 2006
Due to time involved in writing this letter we seek damages of 100.00.

(d) June 7th letter, Faxed to Gayle Hodge.    Unanswered
Due to acts of omission, where silence is fraud, when it was clearly a duty to speak, we
seek damages of 100.00 for time involved in writing this letter, and 2,000.00 damages for
it going un-answered, it was a duty for her to answer this letter.
Termination of employment due to misconduct. (26 USC 7804)
For violations of Administrative procedures per Title 26, due to negligence and total
disregard, this person recklessly, intentionally, and with malice violated due process
procedures. We seek damages pursuant of 7433 for negligence of 100,000 dollars.

(e) June 17th letter, Mailed to Gayle Hodge. Unanswered C.M. 7005-3110-0003-1881-
4277
Due to acts of omission, where silence is fraud, when it was clearly a duty to speak, we
seek damages of 100.00 for time involved in writing this letter, and 2,000.00 damages for
it going un-answered, it was a duty for her to answer this letter.

(f) June 28th letter, Mailed to Gayle Hodge. Unanswered, C.M. 7005-3110-0003-1881-
4307
Due to acts of omission, where silence is fraud, when it was clearly a duty to speak, we
seek damages of 100.00 for time involved in writing this letter, and 2,000.00 damages for
it going un-answered, it was her duty to answer our letter.

(g) July 10th, 2006 mailed the following letters asking for help:
        a. FBI Atlanta: C.M. 7005-3110-0003-1881-4352    Unanswered
        b. Com. of IRS: C.M. 7005-3110-0003-1881-4345   Unanswered
        c. Sec. of Tre. C.M. 7005-3110-0003-1881-4338    Unanswered
        d. Ms. Gayle Hodges: C.M. 7005-3110-0003-1881-4321    Unanswered
        e. Ms. Mary Hannah: C.M. 7005-3110-0003-1881-4314    Unanswered
        enclosed with copies of all above letters also.

(h) On July 11th 2006 received a letter (LTR 644C) from IRS, Cincinnati, Ohio 45999-0060.
Signed: Mary Jo Williams
This letter made reference to April 25th letter, and the IRS also returned the following letters we had mailed to Gayle Hodges:

       a. June 7th, 2006
       b. June 17th 2006
       c. April 25th, 2006

Letter stated: The Internal Revenue Code Section cited in your enclosed correspondence refers to a vehicle sold under suspension of tax. This does not apply to a taxable vehicle which is subsequently sold. Please see the enclosed attachment for further information.

The only other attachment was a cover sheet with a payment voucher. CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT, EVEN IF YOU ALSO HAVE AN INQUIRY.

K and M Trucking once again finds itself wondering if the employees of the IRS even can read. We will once again explain why we do not owe this money, tax liability.

Title 26, Section 4481
Effective date of Jan. 6, 1983 amendment; special rule, Act Jan. 6, 1983, P.L. 97-424, Title V, § 513(f), 96 Stat. 2179, provides:
"(1) in general. Except as otherwise provided in this subsection, the amendments made by this section [amending 26 USCS § 4481, 4482, and 4483, and classified in part as a note to this section] shall take effect on July 1, 1984.
(2) Special rule in the case of certain owner-operators.
   (A) in general. in the case of a small owner-operator, paragraph (1) of this subsection and paragraph (2) of section 4481(a) of the Internal Revenue Code of 1954 [1986] (as added by this section) shall be applied by substituting for each date contained in such paragraphs a date which is 1 year after the date so construed.
   (B) Small owner-operators. For purpose of this paragraph, the term "small owner-operator" means any person who owns and operates at any time during the taxable period **no more than 5 highway motor vehicles** with respect to which a tax is imposed by section 4481 of such Code for such taxable period.

**Special rule in the case of certain owner-operators.** Act July 18,1984, P.L. 98-369, Div. A, Title IX, Subtitle A, § 901 (b), 98 Stat. 1003, provides:
(1) Special rule for taxable period beginning July 1, 1984. In the case of a small owner-operator, the amount of the tax imposed by <u>section 4481 of the Internal Revenue Code</u> of 1954 [1986] on the use of any highway motor vehicle subject to tax under section 4481 (a) of such Code (as amended by subsection (a)) for the taxable period which begins on July 1, 1984, **shall be the lesser of—**
      (A) $ 3 for each 1,000 pounds of taxable gross weight ( or fraction thereof), or
      (B) the amount of the tax which would be imposed under such section 4481(a)
without regard to this paragraph.

80 times 3 equals only 240.00 per truck. There are only 3 trucks in question. In addition, we would only owe, 720.00 dollars on all three. The IRS records we got from the office in Savannah, Ga. clearly show 772.55 plus or minus has already been paid. This total includes money levy from KELLIE D. CLARK bank account. Therefore the IRS owes us 52.55 money extorted, stolen, from K and M Trucking, KELLIE D. CLARK accounts.

Due to Mary Jo Williams continued request for money on this overpaid account, which is clearly shown above. This person is guilty of 1 count of mail fraud, 1 count of extortion, and for lack of respect of the above claims has once again, violated Administrative procedure, recklessly, intentionally, with malice, and be reason of due negligence we seek pursuant of 7433, 100,000.00 against said person. Termination of employment for misconduct. (26 USC 7804)

(i) August 08, 2006 we received a letter ( LTR 2645C). In this letter is stated: "Thank you for your correspondence received July 25th, 2006". we have not mailed any other correspondence you would have received on July 25th, 2006. again Mary Hannah has not corrected her computer entries, as she again ask for a payment. We do not owe this tax liability, same reason as above. We will not make a payment on a liability we don't have.

(j) August 12th, 2006 received a letter (letter 3228)(LT 39) asking for payment in full or agree to payment plan. signed by Larry Leder. ACS support, P.O. Box 57, Bensalem, PA. 19020-8514.
For Mr. Leder, continued attempts to extort money from us, he recklessly, intentionally, and be reason of negligence violated above claims sections. In addition, we seek now 100,000.00 dollars against him and the IRS. Also; Termination of employment for misconduct.

(k) We will seek 100,000 for negligence due to any other un-named person involved in this action. Had all checks and balances been put into play this action was unneccessary. Had all persons involved followed the code, they would clearly see there is no tax liability here. We will be seeking documents to see who else has violated our rights. A FOIA has already been sent out. Waiting on information requested. We will be adding to this claim as time, and information becomes available to us.

(l)    ILLEGAL PENALTIES:
       05162005, TC 276, Failure to pay tax penalty, DLN 17494-311-04875-4
       05162005, TC 276, Failure to pay tax penalty, DLN 17454-678-05100-4

 These clear show illegal penalties added to liability: The above penalty transactions constitute illegal penalties instituted against a natural person in violation of 26 USC 6671(b), 26 CFR 301.6671-1(b), and Article 1, Section 10 of the U.S. Constitution.

For false entries on the records, we seek damages of 2,000 from each person who is responsible for these entries, and termination of employment for misconduct.

(m)    ILLEGAL ASSESSMENTS:
      05162005, TC 196, Interest Assessed, DLN 17495-311-04875-4
      05162005, TC 196, Interest Assessed, DLN 17454-678-05100-4
      06122006, TC 290, Additional tax assessment, DLN 35454-542-05183-6
      10252004, TC 290, Additional tax assessment, DLN 17454-678-05100-4

These clearly show illegal assessments instituted against a natural person in violation of
26 USC 6020(b) and IRM 5.1.11.6.10

For false entries on the records, we seek damages of 2,000 from each person who is
responsible for these entries, and termination of employment for misconduct.

(n)    ILLEGAL NOTICES

      06202005, MF Stat Code: 58, IDRS CP 504 Notice issued.
      09202004, MF Stat Code: 20, return filed and assessed; first notice issued
      12202004, MF Stat Code: 20, return filed and assessed; first notice issued

These above MF Stat Codes represent illegal notices sent to a natural person who is not a
business. IRS Document 6209, at the beginning of chapter 4, says that CP notices which
contain three digit numbers may only be sent to businesses and not natural persons. This
includes notices CP-501, CP-502, CP-503, CP-504, CP-515, AND CP-518.

For false entries on the records, we seek damages of 2,000 from each person who is
responsible for these entries, and termination of employment for misconduct.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

In conclusion, before entering a civil case everyone must exhaust their administrative
remedies. This claim is under the correct procedure to do that. The only other remedies,
have already been exhausted. We have written numerous letters, requesting an
understanding of this action, trying to correct this error of records instituted against the
persons named and companies. This claim shows very clearly that the IRS intents to
defraud the American citizen of every dollars it can. Right and Wrong have not place
here. Honest service, honest employee's, are gone. The deception, and fraud has not just
started, it has been going on a long time.

**We hereby demand and answer, either admit or deny every section of this
complaint. Any section denied, we hereby demand a specific, detailed answer as to
the denial. We further demand that every person whom makes a decision on this
complaint include their name and employee ID number for the record, and their
delegated authority which clearly shows they had the proper authority to make such
decisions.**

21

Any of our demand not meet will be used against all person's, employee's, agents, and officer's involved it this case has to proceed to a civil court case for justice to prevail. All information contained within is true and correct to the best of my/our knowledge. All rights reserved.

K & M Trucking Co.

*Michael Jack Stephens*

Michael Jack Stephens
Authorized Representative

*Kellie Dawn Clark*

Kellie Dawn Clark
Authorized Representative

cc. file

22

## TABLE OF CONTENTS
## VIOLATION OF THE FOLLOWING CODE SECTIONS:

1ST   26 USC 6303: NOTICE AND DEMAND FOR TAX.

2ND   26 USC 6203: METHOD OF ASSESSMENT
        (a) additional notes

3rd   26 USC 6330: Notice and opportunity for hearing before levy

4th   26 USC 6330(b): RIGHT TO FAIR HEARING

5TH   26 USC 6330(d)(1)(2): PROCEEDING AFTER HEARING

6TH   SERVICE POLICY   P-5-34

7TH   SERVICE POLICY   P-5-47

8TH   SERVICE POLICY   P-1-1

9TH   26 USC 6320: Notice and opportunity for hearing upon filing notice of lien

10th  26 USC 6331 (a): LEVY AND DISTRAINT

11TH  26 USC 6331(d): REQUIREMENT OF NOTICE BEFORE LEVY

12TH  26 USC 6159: Agreement for payment of tax liability in installments

13th  26 USC 6331(j): NO levy before investigation of status of property

14th  44 USC 3101; 44 USC 3106; 36 CFR PART 1222

15TH    44 USC 3506: FEDERAL AGENCY RESPONSIBLIES
        (a) additional notes

16th    26 USC 6571: PROCEDURAL REQUIREMENT

17TH    26 CFR 601.106(1), RULE II

18TH    GEORGIA CONSTITUTION VIOLATIONS

19TH    18 USC 1341: MAIL FRAUD

20TH    26 USC 6325: RELEASE OF LIEN OR DISCHARGE OF PROPERTY

21ST    26 USC 7602(c): NOTICE OF CONTACT OF THIRD PARTIES

22ND    26 CFR 1.6664-4: Reasonable cause and good faith exceptions

23rd    SERVICE POLICY P-10-42 (IRM 1.2.1.10.42)

24TH    15 USC 1692q(b)

25th    15 USC 1692(e)

26th    26 USC 6334: PROPERTY EXEMPT FROM LEVY

27TH    SERVICE POLICY P-5-36 (IRM 1.2.1.5.9)

E
3

This check has co. name and fed. ID. NO on it!



Check dated Sept 14, 2005
Cont. mailed with proper postage
for delivery, the IRS chose received
it, because it was cashed. But, for
some reason was Back posted to

TSMF til 12/20/2004 under
T.C. 150 and OLN 17495-311-04-8
due on 5/16/2005 intent + penalty were
applied under same OLN this is a
direct violation of regulations, tax in
considered Paid when deposit in mail
Bot - your employees are deliberly held
our check + taking too long to post +

4

SSXI
2000
Red weighing

**SCHEDULE 1**
**(Form 2290)**
(Rev. July 2005)
Department of the Treasury
Internal Revenue Service

**Schedule of Heavy Highway Vehicles**

For the period July 1, 2005, through June 30, 2006

This copy will be stamped and returned to you for use as proof of payment when registering vehicle(s) with a state.

OMB No. 1545-0143

Name as shown on Form 2290

Employer Identification number

**Type**
**or**
**Print**

Address (number, street, and room or suite no.)

City, state, and ZIP code (for Canadian or Mexican address, see page 4 of the instructions.)

**Caution:** *You must list all vehicles. Attach a separate list if needed.*

**Part I   Vehicles on Which You Are Reporting Tax. See page 6 of the instructions.**

| | Vehicle Identification Number | Category | | Vehicle Identification Number | Category | | Vehicle Identification Number | Category |
|---|---|---|---|---|---|---|---|---|
| 1 | 1FUYS70B5YLB78667 | V | 7 | | | | | |
| 2 | | | 8 | | | | | |
| 3 | | | 9 | | | | | |
| 4 | | | 10 | | | | | |
| 5 | | | 11 | | | | | |
| 6 | | | 12 | | | | | |

**Part II   Vehicles for Which Tax Is Suspended—5,000 Miles or Less (7,500 Miles or Less for Agricultural Vehicles). See page 6 of the instructions.**

| | Vehicle Identification Number | Category | | Vehicle Identification Number | Category |
|---|---|---|---|---|---|
| 1 | | W | 2 | | W |

RECEIVED W/REMITTANCE
Savannah, GA 31412

SEP 15 2005

**Part III   Summary of Reported Vehicles**

| | | Category |
|---|---|---|
| a | Enter the number of taxable vehicles from Form 2290, page 2, column 3, Totals . . . . . | a |
| b | Enter the total number of taxable vehicles on which the tax is suspended from Form 2290, page 2, column 3 (category W) . . | b |

For Privacy Act and Paperwork Reduction Act Notice, see page 8 of the instructions.

Schedule 1 (Form 2290) (Rev. 7-2005)

Unit#718
$417.50

2000 FAHT

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

F
07-1162
ESH

## I (a) PLAINTIFFS

Michael Jack Stephens

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

United States of America, et al,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01162
Assigned To : Huvelle, Ellen S.
Assign. Date : 06/29/2007
Description: PRO SE GEN. CIVIL

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A.  Antitrust**

☐ 410 Antitrust

☐ **B.  Personal Injury/Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.  Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D.  Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E.  General Civil (Other)  OR  ☑ F.  Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☒ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

O

| ☐ **G.** *Habeas Corpus/* **2255** | ☐ **H.** *Employment* *Discrimination* | ☐ **I.** *FOIA/PRIVACY* *ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA* *(non-employment)* | ☐ **L.** *Other Civil Rights* *(non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

---

**V. ORIGIN**

| ☒ 1 Original<br>Proceeding | ☐ 2 Removed<br>from State<br>Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated<br>or Reopened | ☐ 5 Transferred from<br>another district<br>(specify) | ☐ Multi district<br>Litigation | ☐ 7 Appeal to<br>District Judge<br>from Mag.<br>Judge |
|---|---|---|---|---|---|---|

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

26 USC 6330

---

| **VII. REQUESTED IN** **COMPLAINT** | CHECK IF THIS IS A CLASS<br>☐    ACTION UNDER F.R.C.P. 23 | **DEMAND $** 1.4 million | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES    ☒ NO |
|---|---|---|---|

**VIII. RELATED CASE(S)**
**IF ANY**    (See instruction)    ☒ YES    ☐ NO    If yes, please complete related case form.

**DATE**    **SIGNATURE OF ATTORNEY OF RECORD**
N/A

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.