IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JACK STEPHENS and KELLIE D. CLARK<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES, et al.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　No. 07-1162 (ESH)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS COMPLAINT

DEFENDANTS move the Court to dismiss plaintiffs' complaint on the grounds that plaintiffs failed to serve the Internal Revenue Service, and failed to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: September 11, 2007.　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　 /s/ Pat S. Genis
　　　　　　　　　　　　　　　　　PAT S. GENIS, #446244
　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　　Tel./FAX:  (202) 307-6390/614-6866
　　　　　　　　　　　　　　　　　Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

2644096.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JACK STEPHENS and ) <br> KELLIE D. CLARK ) <br>    ) <br> Plaintiffs, ) <br>    ) <br> v. ) <br>    ) <br> UNITED STATES, et al. ) <br>    ) <br> Defendants. ) | No. 07-1162 (ESH) |

**MEMORANDUM IN SUPPORT OF UNITED STATES'
MOTION TO DISMISS COMPLAINT**

This is a civil action in which plaintiffs allege that the Internal Revenue Service and three named Internal Revenue Service employees disregarded various statutes, regulations and constitutional amendments. Plaintiffs seek, among other things, damages under 26 U.S.C. § 7433 and the discharge of the employees.

QUESTIONS PRESENTED

1. Plaintiffs failed to serve the Internal Revenue Service. Should this Court dismiss plaintiffs' complaint for failure to properly serve the United States?

2. Plaintiffs allege that the Internal Revenue Service "illegally"assessed taxes against K & M Trucking Services. Should the Court dismiss plaintiffs' complaint for failure to state a claim?

3. Plaintiffs allege that Kellie Dawn Clark is not a proper party to levy for the unpaid taxes of K & M Trucking Services because Michael Jack Stephens is the sole proprietor and that, therefore, the seizure of $85.05 from Kellie Dawn Clark's bank

account was "illegal." The Internal Revenue Service's records indicate that Clark is an owner of K & M, and thus liable for the company's taxes. Should the Court dismiss plaintiffs' complaint for failure to state a claim?

## STATEMENT

1. <u>Introduction & background</u>. Plaintiffs, Michael Jack Stephens and Kellie D. Clark filed this complaint on June 29, 2007. Plaintiffs served the United States Attorney General and the United States Attorney for the District of Columbia on July 13, 2007 and July 11, 2007, respectively. No summons was issued for the Internal Revenue Service nor served on the agency.

2. <u>Allegations in the complaint</u>. The Internal Revenue Service assessed taxes against the K & M Trucking Services (EIN 58-2677308) for the periods ending 2004/07 2004/10 in the amounts of $550 and $412.50, respectively, plus penalties and interest. (Compl. ex. A & B.) These assessments were for heavy highway vehicle use taxes for the two periods. On January 28, 2006, the Internal Revenue Service issued a notice of levy on Clark's bank, First Chatham Bank, for $950.47. (Compl. ex. D.) The bank seized $85.05 from Clark's account in compliance with the levy. (Compl. I.C.)

Plaintiffs have organized their complaint into 32 "counts," which assert a litany of statutory, constitutional and criminal allegations.<u>1</u>/ But, each count merely states the following:

---

<u>1</u>/ Plaintiffs' pleading exceeds 70 pages: complaint, 25pages); motion for discovery, 2 pages, and exhibits A-M (45 pages). Plaintiffs did not bother to number the pages.

2644096.1                                        2

> All person's [sic] principal, officers, agents, and employees of the Internal Revenue Service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section.

The real bases of plaintiffs' complaint can be gleaned from the introduction to their complaint. Plaintiffs make three basic allegations: 1) the levy was improperly asserted against Clark because she is not an owner of K & M Trucking company (compl. I.E.); 2) the assessments against K & M Trucking Co. were "illegal" because they were based upon false entries Internal Revenue Service employees made in the company's master file (compl. I.E.); and 3) the assessment was incorrect under 26 U.S.C. § 4481 (compl. p.20).

    3. <u>Relief sought</u>.  Plaintiffs seek damages and costs, termination of the Internal Revenue Service employees under several Internal Revenue Code provisions, and prosecution of the employees for criminal conduct. Specifically, they seek 1) over $1 million in damages under 26 U.S.C. §§ 7433, 7432 and 7431 for unauthorized collection, failure to release liens and unauthorized disclosure of return information, respectively; 2) costs and fees under section 7430; 3) review of jeopardy assessment under section 7429; 4) declaratory relief and termination of Internal Revenue Service employment under sections 7214 and 7804; 5) release of lean under section 6325 and 6) criminal prosecution of Internal Revenue Service employees under 18 U.S.C. § 872 for extortion; and an apology to be mailed to them. (Compl. at 21-25.)

## ARGUMENT

### I

### PLAINTIFFS FAILED TO PROPERLY SERVE THE UNITED STATES

Under rule 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by registered or certified mail to the officer, employee and/or agency of the United States being sued. Fed. R. Civ. P. 4(I); *Relf v. Gasch*, 511 F.2d 804 (D.C. Cir. 1975); *Hodge v. Rostker*, 501 F.Supp. 332, 332 (D.D.C. 1980).

Failure to properly serve the United States deprives the Court of personal jurisdiction, leaving the Court with no power to compel an answer or response. *Rabiolo v. Weinstein*, 357 F. 2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring). A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959). Accordingly, courts routinely dismiss actions when service is improper. *See Light v. Wolf*, 816 F. 2d 746, 750 (D.C. Cir. 1987). Once a defendant challenges the sufficiency of service of process, the party alleging adequate service of

process has the burden of proving that such service was proper. *See Myers v. American Dental Ass'n*, 695 F. 2d 716, 725 n.10 (3d Cir. 1982); *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F. 2d 1134, 1139 (5th Cir. 1980).

In this case, plaintiffs served the United States Attorney General and the United States Attorney for the District of Columbia; plaintiffs, however, failed to serve the Internal Revenue Service. Rule 4(i) provides that an agency must be served "in any action attacking the validity of an order of an . . . agency of the United States." Fed.R.Civ.P. 4(i)(1)(C). Section 7433 allows a taxpayer to commence a legal action attacking a determination by the Internal Revenue Service when either of two events occurs: 1) when the Internal Revenue Service issues a determination letter; or 2) upon the lapse of six months from the time a taxpayer files an administrative claim for damages. *See* 26 C.F.R. § 301.7433-1(d)(1); *Lindsey v. United States*, 448 F.Supp.2d 37, 53 (D.D.C. 2006). Because plaintiffs are attacking the actions of the Internal Revenue Service, they must serve the Internal Revenue Service. Accordingly, since plaintiffs failed to properly serve the United States, this Court should dismiss this complaint.

II.

PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER 7433

1. <u>Plaintiffs' complaint is insufficient under rule 8(a)</u>. Plaintiffs' complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) because it fails to comply with rule 8(a) and makes allegations which are not cognizable under section 7433. The complaint is legally insufficient because it fails to provide the necessary factual detail to state a claim.

A complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). Plaintiffs' complaint, however, merely states, for each count, that defendants "willfully, recklessly, intentionally, and with malice by reason of negligence, disregard[ed]" the named statute, regulation, policy or constitutional amendment. Since plaintiffs' compliant fails to provide either notice of the basis of their claims or the grounds upon which they rest, this court should conclude that plaintiffs have not, in fact or law, stated a claim. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

    2. <u>Plaintiffs' *non-collection* allegations are not cognizant under section 7433</u>. Moreover, all allegations in the complaint related to improper assessment, including the alleged illegality of the assessment against K & M Trucking, Co. and the alleged incorrect amount of the taxes assessed are *non-collection* activities, and thus, not cognizable under section 7433. Section 7433 authorizes damages for wrongful *collection* activities only. *See, e.g., Buaiz v. United States*, 471 F.Supp.2d 129, 137 (D.D.C. 2007) ("§ 7433 waives the United Sates' sovereign immunity only with respect to claims arising from the collection of income taxes") (citing cases); *Arnett v. United States*, 889 F.Supp. 1424, 1430 (D. Kan. 1995) (actions taken during assessment of tax under 26 U.S.C. § 6672 do not constitute collection activity for purposes of Section 7433); *Sylvester v. United States*, 978 F.Supp. 1186 (E.D. Wis. 1997) (allegation that IRS incorrectly computed

Section 6672 liability was an error in assessment and not collection and therefore irrelevant to Section 7433 claim); *Zolman v. IRS*, 87 F.Supp.2d 763 (W.D. Mich. 1999) (mere assertion of improper assessment of tax liability, without more, is insufficient for section 7433 claim).

Plaintiffs claim that the correct amount of heavy highway vehicle use tax owed is $240, and not $550. (Compl. at 20.) Plaintiffs' only recourse with respect to this claim is to fully pay the taxes assessed and file a claim for refund. 26 U.S.C. § 7422. Plaintiffs do not allege that they have either filed a claim for refund or fully paid the federal taxes. Both are necessary to waive the United States' sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Vanskiver v. Rossotti*, 2001WL361470, *1 (D.D.C. 2001) (same). Plaintiffs have the burden to show that sovereign immunity has been waived. *See, e.g., Paradyne Corp. v. U.S. Dept. of Justice*, 647 F.Supp. 1228, 1231 (D.D.C. 1986) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Since plaintiffs have not even alleged that they filed a claim for refund, this Court lacks jurisdiction. *Dalm*, 494 U.S. at 601-602. Likewise, plaintiffs have

not alleged that they fully paid his tax liabilities, a failure that is fatal to a suit for refund. *See Flora*, 362 U.S. at 177.

### III.  THE LEVY AGAINST CLARK WAS PROPER

Plaintiffs assert that the levy of $85.08 against Clark's bank account was improper. (Compl. I.E.) Plaintiffs assert that K & M Trucking Co. was once run as a partnership between Stephens and Clark (EIN 58-2677308). (Compl. I.E.) Plaintiffs allege that Stephens runs K & M Trucking Co. as a sole proprietor (EIN 05-0536882). The Internal Revenue Service's records do not reflect the change. On the contrary, Kellie D. Clark is still named as a general partner of K & M Trucking Services under the EIN 05-0536882. (Genis declaration. ex. 1.)  As a general partner, she is liable for the debts of the partnership. *See United States v. Galletti*, 541 U.S. 114, 116 (2004); *McCaughey v. Murphy*, 485 S.E.2d 511, 515 (Ga. App. 1997). Therefore, the levy was properly issued against her property.2/

---

2/ Plaintiffs state that Clark was in bankruptcy at the time the levy was issued. (Compl. I.E.)  Plaintiffs do not allege that the United States was given notice of such bankruptcy. And, to the extent plaintiffs intend to allege a violation of the automatic stay under 11 U.S.C. § 362, that claim must be made in the bankruptcy court. *See* 26 U.S.C. § 7433(e); *G.B. "Boots Smith" Corp. v. United States*, 2006 WL 2708593 (S.D. Miss. 2006) (the district court is not the correct court to make a claim of violation of the automatic stay).

CONCLUSION

Plaintiffs have failed to properly serve the United States, to state a claim under section 7433 or any other legal authority. For the reasons stated above, this Court should dismiss plaintiff's complaint.

DATE: September 11, 2007.

Respectfully submitted,

 /s/ Pat S. Genis
PAT S. GENIS, #446244
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Tel./FAX:  (202) 307-6390/614-6866

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the United States' MOTION TO DISMISS COMPLAINT and proposed ORDER were served upon plaintiffs *pro se* on September 11, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> Michael Jack Stephens
> Kellie D. Clark
> *Plaintiffs pro se*
> 128 Pinto Way
> Bloomingdale, GA 31302

　　　　　　　　　　　　　　　　　　　　/s/ Pat S. Genis
　　　　　　　　　　　　　　　　　　　　PAT S. GENIS, #446244

IN THE UNITED STATES DISTRICT COURT FOR THE
THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL JACK STEPHENS and <br> KELLIE D. CLARK <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 07-1162 (ESH) <br> ) <br> ) <br> ) <br> ) |

**DECLARATION OF PAT S. GENIS**

I, Pat S. Genis, under 28 U.S.C. § 1746, declare as follows:

1. I am a trial attorney with the Department of Justice Tax Division. As part of my duties, I have been assigned joint responsibility for litigation of the above-captioned case.

2. As part of my duties, I have received records from the Internal Revenue Service.

3. Attached is a true and correct copy of a transcript of account for K & M Trucking Services, Clark Kellie D. Gen. Ptr.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information and belief.

DATED: September 11, 2007.

                                                    /s/ Pat Genis
                                                  PAT S. GENIS

Case 1:07-cv-01162-ESH    Document 9-2    Filed 09/11/2007    Page 2 of 2

```
INOLES05-0536882         CURRENT BMF N/C K&MT      LOC CODE  5828        LUC 200535

CURRENT BMF NAMELINE
K&M TRUCKING SERVICES
CLARK KELLIE D GEN PTR
128 PINTO WAY
BLOOMINGDALE                  GA 31302-4717 282
                                                  FILING REQUIREMENTS
FISCAL YEAR MONTH 12                              941-01    1065-1    940-1
PRIOR FISCAL YEAR MONTH 00
EMPLOYMENT CODE      527-POL-ORG-CD 0
ESTABLISHMENT YEAR/MONTH 200210
BOD CODE SB BOD CLIENT CODE V
```

GOVERNMENT EXHIBIT 1

```
BMFOLI05-0536882            BMF ACCOUNT SUMMARY      NM CTRL:K&MT
                                                              UP-CYC:31
ENT UPDT CY:200701 ACCT FRZ:
                   ACCT INFO:     EMIS

                MF ASSESSED    RET  MF MF ACT IDRS FREEZE
MFT  TXPD PLAN    MOD BAL      PST STAT CYC   SC   CODES    TAX MODULE CODES
 01 200306 000                  00  N  02 200404 0    -
 60 200212 000                  00  Y  12 200314 0    -
 60 200407 000                  00  N  02 200505 0    -
 60 200507 000                  00  Y  10 200535 0    -




TOTAL ASSESSED BALANCE:                 0   (INCLUDING ACCRUALS)
ADDITIONAL ACCOUNT SCREENS AVAILABLE:        RETENTION REGISTER (V) AVAILABLE: N
PRIOR AUDIT HISTORY (Z) AVAILABLE: N     LAST PERIOD SATISFIED (L) AVAILABLE: Y
EXEMPT ORGANIZATION (O) AVAILABLE: N        FEDERAL TAX DEPOSIT (F) AVAILABLE: N
              PAGE 001 OF 001            BMFPG 001
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JACK STEPHENS and<br>KELLIE D. CLARK<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES, et al.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　　No. 07-1162 (ESH)<br>)<br>)<br>)<br>) |

## ORDER

Having considered the defendants' motion to dismiss plaintiffs' complaint, together with the memorandum in support thereof, and having further considered plaintiff's [lack of] opposition thereto, the Court concludes that the motion ought to be granted.  Accordingly, it is this _____ day of _____, 2007, at Washington, District of Columbia,

　　ORDERED that defendant's motion to dismiss be and is GRANTED;

　　ORDERED that plaintiff' complaint be and is DISMISSED;

　　ORDERED that the Clerk shall distribute conformed copies of this order to the parties and representatives of the parties listed below.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

Michael Jack Stephens
Kellie D. Clark
*Plaintiffs pro se*
128 Pinto Way
Bloomingdale, GA 31302