UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JACK STEPHENS and KELLIE DAWN CLARK,  Plaintiffs, v. UNITED STATES, *et al.*  Defendants. | Civil Action No. 07-1162 (ESH) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Michael Jack Stephens and Kellie Dawn Clark have filed a *pro se* complaint in which they allege that the Internal Revenue Service ("IRS") and its employees have violated a laundry list of statutes, regulations, constitutional provisions, and IRS policies. Plaintiffs seek damages and costs, termination and criminal prosecution of named IRS employees, and an apology. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] and for the reasons set forth herein, the motion will be granted.

### BACKGROUND

The IRS assessed taxes against the K & M Trucking Company for two periods in 2004 in the amounts of $550 and $412.50, plus penalties and interest (Pl.'s Ex. A & B.) On January 28, 2006, the IRS issued a notice of levy on Clark's bank, First Chatham Bank, for $950.47. (Pl.'s Ex. D.)

---

[1] Defendants also move the Court to dismiss this case for insufficient service of process. However, because the Court lacks subject matter jurisdiction and plaintiffs have failed to state a claim, it is unnecessary to consider any other grounds for dismissal.

$85.50 was seized from Clark's account. (Compl. at 1.C.)

Plaintiffs filed a complaint with this Court on June 29, 2007. Their complaint lists 32 boilerplate "counts," each of which references a statutory, regulatory or constitutional provision, and then states, without further explication, that: "[a]ll person's[,] principal[s], officers, agents and employees of the internal revenue service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section." The gravamen of plaintiffs' complaint may be gleaned from its introduction and the opposition to the motion to dismiss. Plaintiffs allege (1) that the tax assessment was inaccurate (Compl. at 20.); (2) that the assessments against K & M Trucking Co. were "illegal" because they were based upon false entries made by IRS employees (Compl. 1.E.); (3) that the notice of levy was improperly issued against Clark because she is not a co-owner of the company (Compl. at 1.E.); and (4) that the levy was improperly issued without prior notice and the opportunity to be heard. (Opp'n at 4-5.)

Plaintiffs seek over $1 million in damages under 26 U.S.C. §§ 7433, 7432 and 7431 for unauthorized collection, failure to release liens, and unauthorized disclosure of return information; costs and fees under 26 U.S.C. § 7430; review of jeopardy levy or assessment procedures under 26 U.S.C. § 7429; termination of I.R.S. employees under 26 U.S.C. §§ 7214 and 7804; and the prosecution of IRS employees under 18 U.S.C. § 872.

## ANALYSIS

**I.    Lack of Jurisdiction**

As a preliminary matter, plaintiffs have failed to establish this Court's subject matter

jurisdiction over their claims relating to the legality and accuracy of the tax assessment.[2]  The burden of establishing jurisdiction lies with the plaintiff. *E.g.*, *Martens v. United States*, No. 05-1805, 2007 WL 2007580, at *1 (D.D.C. July 6, 2007).  Jurisdiction must be established by a preponderance of the evidence.  *E.g.*, *id.*

It is axiomatic that "federal courts lack subject matter jurisdiction over suits against the United States in the absence of a waiver." *Buaiz v. United States*, 471 F.Supp.2d 129, 134 (D.D.C. 2007).  Plaintiffs devote a significant part of their complaint to challenging the calculation of their tax assessment and to proving their allegations that IRS employees have tampered with their records.  (Compl. at 10-20.)  However, plaintiffs do not allege that they have either filed a claim for refund or fully paid their federal taxes.  Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a).  Because plaintiffs have not completed these prerequisites, sovereign immunity has not been waived, and this Court lacks jurisdiction to consider plaintiffs' assessment claims.  Counts 2, 3, and 15, which reference statutes relating to assessment procedures, are therefore dismissed with prejudice.

## II.   Failure to State a Claim

Plaintiffs' remaining allegations relate to allegedly improper collection activities.  This

---

[2] "The subject matter jurisdiction of the Court is constitutionally limited, and the Court has an obligation under these constitutional limits to address its jurisdiction to hear a case, raising the issue *sua sponte* if necessary." *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp.2d 93, 97 (D.D.C. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)); *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007)).

Court has jurisdiction over these claims under 26 U.S.C. § 7433. *See* 26 U.S.C. § 7433(a); *Buaiz*, 471 F.Supp.2d at 135. However, plaintiffs' improper collection claims will be dismissed for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and give the plaintiff the benefit of all inferences. *See Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). Additionally, the pleadings of *pro se* plaintiffs must be construed liberally. *E.g.*, *Lindsay v. United States*, 448 F.Supp.2d 37, 44-45 (D.D.C. 2006); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002). Although a plaintiff need not provide "detailed factual allegations," it is "a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief . . . .'" *Martens*, 2007 WL 2007580 at *1 (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original)). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 127 S.Ct. at 1965). "The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Id.*

Plaintiffs allege that the IRS's assertion of a levy against Clark was improper because she is not a co-owner of the K & M Trucking Company. They maintain that while K & M was formerly run as a partnership, Stephens now runs K & M as a sole proprietor. The IRS's records do not reflect this change. (Def.'s Ex. 1.) According to the documentation defendants provided, Clark remains a general partner of K & M, and as such is liable for the debts of the partnership. *See*

*United States v. Galletti*, 541 U.S. 114, 116 (2004); *McCaughey v. Murphy*, 485 S.E.2d 511, 515 (Ga. App. 1997). Plaintiffs challenge the accuracy of the IRS files, but offer no evidence to support "a claim to relief that is plausible on its face" and "above the speculative level." *Twombly*, 127 S.Ct. at 1960.

Plaintiffs also allege that the IRS failed to provide Clark with notice and a hearing prior to the imposition of the levy. *See* 26 U.S.C. § 6330. In order to make out a claim pursuant to 26 U.S.C. § 7433, plaintiffs must allege not only that an employee of the IRS disregarded a provision of this title, but also that they did so recklessly, intentionally, or negligently. *See* 26 U.S.C. § 6330(a)(3)(B). Plaintiffs have alleged no *facts* in support of their claim that any arguable failure to comply with § 6330 was intentional, reckless, or negligent. Rather, they merely offer "a formulaic recitation of the elements of [the] cause of action," which is insufficient to survive a motion to dismiss. *Twombly*, 127 S.Ct. at 1960. Because plaintiffs have asserted no viable claims based on improper collection, Counts 1, 4-6, 11, 12, 14, and 18, which reference the statutory provisions addressing the imposition of levies, are dismissed.

Plaintiffs' remaining counts are entirely devoid of supporting factual allegations. Counts 10 and 17 allege violations associated with the imposition of tax liens, however, nowhere in the complaint do plaintiffs allege that any lien was asserted against them. Counts 13, 16, 24, and 25 merely refer to various statutes governing the operation of the IRS without providing any factual support for the alleged violation. Counts 19-21, 28, 29, and 32 allege violations of several federal statutes, including, *inter alia*, the Federal Records Act and the Paperwork Reduction Act, but no

explanation is given as to how these statutes are pertinent to this case.[3] Counts 7-9 reference IRS service policies, which provide no basis for a cause of action under § 7433. 26 U.S.C. § 7433(a) (providing for a civil action for damages when an IRS employee disregards "any provision of this title or any regulation promulgated under this title . . . ."). Similarly, Counts 22, 23, 30 and 31 reference criminal statutes, which clearly do not provide plaintiffs with any private right of action to support their civil suit, s*ee e.g, Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), nor do Counts 26 and 27, which reference Article I, Section 8, Clause 16 and the Thirteenth Amendment to the Constitution. *See e.g.*, *Judicial Watch v. Rossotti*, 317 F.3d 401, 409 (4th Cir. 2003). Because plaintiffs have failed to state a claim for relief in any of these counts, they are dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [Dkt. 9] is GRANTED, and it is hereby ORDERED that this case be dismissed. Plaintiffs' § 7433 claims are dismissed without prejudice and plaintiffs' remaining claims are dismissed with prejudice.

This is a **final appealable order**. *See* Fed. R. App. P. 4(a).

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   September 28, 2007

---

[3] A common strategy in the *pro se* tax cases that have flooded this Court is to include references to unspecified provisions of the Federal Records Act and the National Archives Act in the "jurisdiction" section of the complaint. *Wesselman v. United States*, -- F.Supp.2d -- , 2007 WL 2332321 at *3 n.2 (D.D.C. Aug. 17, 2007). Here plaintiffs are following the crowd and have added counts asserting a substantive violation of these statutes.