# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Received Mail Room
OCT 17 2007
United States Court of Appeals
District of Columbia Circuit

Michael Jack Stephens
Kellie Dawn Clark
_____ Plaintiff

vs.

Civil Action No. 1:07-cv-1162 ESH

United States of America, et al
_____ Defendant

## NOTICE OF APPEAL

Notice is hereby given this __15th__ day of __October__, 20__07__, that __Michael Jack Stephens and Kellie Dawn Clark__ hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgement of this Court entered on the __28th__ day of __September__, 20__07__, in favor of __the United States of America__ against said __Michael Jack Stephens and Kellie Dawn Clark__

_Michael Jack Stephens_
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days in the United States or officer or agency is a party)

**CLERK**   Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

[USCADC Form __ (Rev. May 2004)]

Received
Mail Room

**OCT 17 2007**

United States Court of Appeals
District of Columbia C[ircuit]

# United States Court of Appeals
District of Columbia Circuit

## DOCKETING STATEMENT
*All Cases Other than Administrative Agency Cases*
*(To be completed by appellant)*

1. CASE NO. _____  2. DATE DOCKETED September 28, 2007
3. CASE NAME
   (lead parties only) Michael Jack Stephens v. United States of America, et al
4. TYPE OF CASE:  [X] District Ct - [ ] US Civil [ ] Private Civil [ ] Criminal [ ] Bankruptcy
   [ ] Bankruptcy - if direct from Bankruptcy Court
   [X] Original proceeding
5. IS THIS CASE REQUIRED BY STATUTE TO BE EXPEDITED?    YES _____    NO ✓
   If YES, cite statute: _____
6. CASE INFORMATION:
   a. **District Court Docket No.**           **Bankruptcy Court Docket No.**        **Tax Court Docket No.**
      Civil Action 1:07-CV-1162              Bankruptcy _____                  Tax _____
      Criminal _____                     Adversary _____
      Miscellaneous _____                Ancillary _____
   b. Review is sought of:  [X] Final Order
                            [ ] Interlocutory Order appealable as of right
                            [ ] Interlocutory Order certified for appeal
   c. Name of judge who entered order being appealed:
      Judge Ellen Segal Huvelle          Magistrate Judge _____
   d. Date of order(s) appealed (use date docketed): _____
   e. Date notice of appeal filed: _____
   f. Has any other notice of appeal been filed in this case?   YES _____  NO ✓
      If YES, give date filed: _____
   g. Are any motions currently pending in trial court?  YES _____  NO ✓   If YES, identify motion and date filed: _____
   h. Has a transcript of proceedings been ordered pursuant to FRAP 10(b)?
      YES _____  NO ✓   If NO, why not? _____
   i. Has this case previously been before this Court under another appeal number? YES, Appeal # _____  NO ✓
   j. Are any cases involving the same underlying order or, to counsel's knowledge, involving *substantially the same issue,* currently pending before the District Court, this Court, another Circuit Court, or the Supreme Court?
      YES _____  NO ✓   If YES, give name of the court, case name, and docket number for each case:
      _____
   k. Does this case turn on the validity or correct interpretation or application of a particular statute?
      YES _____  NO ✓   If YES, give popular name and citation of statute: _____
7. Have the parties attempted to resolve the issues in this case through arbitration, mediation, or any other alternative for dispute resolution?  YES ✓  NO _____   If so, provide the name of the program and the dates of participation.
   admin claim was filed but denied

Signature Michael Jack Stephens          Date Oct 15-2007
Name of Party (Print) Michael Jack Stephens
Name of Counsel (Print) _____        Firm _____
Address 120 Pinto Way
        Bloomingdale Georgia 31302
Phone 912-429-3387              Fax No. 912-748-7826

**ATTACH A CERTIFICATE OF SERVICE**
Note: If counsel for any other party believes that the information submitted is inaccurate or incomplete, counsel may so advise the Clerk within 10 days by letter, with copies to all other parties, specifically referring to the challenged statement. An original and three copies of such letter should be submitted.

USCA FORM 9
(Rev. 1/99)

United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

USCA No. _____

## MOTION FOR WAIVER OF FEES

I, _Michael Jack Stephens / Kellie D. Clark_, declare that because of my poverty I am unable to prepay the costs of retrieval and photocopying the requested documents in the above case. My affidavit is attached.

I believe I am entitled to these documents because:
(Provide a statement of the reasons you wish to present to the Court. You may continue on the other side of this sheet if necessary.)

Forma pauperis was granted by District Court:
See attachment.

Clark has filed Bankruptcy: See attachment

Signature _Michael Jack Stephens / Kellie D. Clark_
Name of Requester (Print) _Michael Jack Stephens - Kellie Dawn Clark_
Address _128 Pinto Way_
_Bloomingdale, Georgia 31302_

Submit original to:

Clerk
U.S. Court of Appeals for the D.C. Circuit
U.S. Courthouse, Room 5523
Washington, D.C. 20001

USCA Form 53b
(Rev 7/2007)

Exhibit A

## CLERK'S OFFICE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Friday, June 29, 2007

Civil Action#: 071162 ESH

Plaintiff: MICHAEL J. STEPHENS

DEAR MICHAEL J. STEPHENS

In the above entitled case, please be advised that on 6/20/07, Judge Kennedy endorsed theron as follows:

"Leave to file without prepayment of costs granted."

As a result of the Judge's ruling, your case has been assigned to Judge Huvelle. All subsequent correspondence or pleadings must bear the civil action number referred to above, followed by the initials of the Judge assigned to your case.

NANCY MAYER-WHITTINGTON, CLERK

By: La Tanau Scott

Form B18 (GAS Form 18)(08/05)

**EXHIBIT** ___

# United States Bankruptcy Court

Southern District of Georgia
Case No. 05-42720-LWD
Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):
Kellie Clark
128 Pinto Way
Bloomingdale, GA 31302

Social Security No.:
xxx-xx-5148

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

*Lamar W. Davis, Jr.*

Lamar W. Davis Jr.
United States Bankruptcy Judge
PO Box 8347
Savannah, GA 31412

Dated: March 7, 2006

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

088736

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JACK STEPHENS and <br> KELLIE DAWN CLARK <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-1162 (ESH) <br> ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Michael Jack Stephens and Kellie Dawn Clark have filed a *pro se* complaint in which they allege that the Internal Revenue Service ("IRS") and its employees have violated a laundry list of statutes, regulations, constitutional provisions, and IRS policies. Plaintiffs seek damages and costs, termination and criminal prosecution of named IRS employees, and an apology. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] and for the reasons set forth herein, the motion will be granted.

### BACKGROUND

The IRS assessed taxes against the K & M Trucking Company for two periods in 2004 in the amounts of $550 and $412.50, plus penalties and interest (Pl.'s Ex. A & B.) On January 28, 2006, the IRS issued a notice of levy on Clark's bank, First Chatham Bank, for $950.47. (Pl.'s Ex. D.)

---

[1] Defendants also move the Court to dismiss this case for insufficient service of process. However, because the Court lacks subject matter jurisdiction and plaintiffs have failed to state a claim, it is unnecessary to consider any other grounds for dismissal.

$85.50 was seized from Clark's account. (Compl. at 1.C.)

Plaintiffs filed a complaint with this Court on June 29, 2007. Their complaint lists 32 boilerplate "counts," each of which references a statutory, regulatory or constitutional provision, and then states, without further explication, that: "[a]ll person's[,] principal[s], officers, agents and employees of the internal revenue service, in connection with the collection of this alleged tax liability, did willfully, recklessly, intentionally, and with malice by reason of negligence disregard above named section." The gravamen of plaintiffs' complaint may be gleaned from its introduction and the opposition to the motion to dismiss. Plaintiffs allege (1) that the tax assessment was inaccurate (Compl. at 20.); (2) that the assessments against K & M Trucking Co. were "illegal" because they were based upon false entries made by IRS employees (Compl. 1.E.); (3) that the notice of levy was improperly issued against Clark because she is not a co-owner of the company (Compl. at 1.E.); and (4) that the levy was improperly issued without prior notice and the opportunity to be heard. (Opp'n at 4-5.)

Plaintiffs seek over $1 million in damages under 26 U.S.C. §§ 7433, 7432 and 7431 for unauthorized collection, failure to release liens, and unauthorized disclosure of return information; costs and fees under 26 U.S.C. § 7430; review of jeopardy levy or assessment procedures under 26 U.S.C. § 7429; termination of I.R.S. employees under 26 U.S.C. §§ 7214 and 7804; and the prosecution of IRS employees under 18 U.S.C. § 872.

## ANALYSIS

**I.   Lack of Jurisdiction**

As a preliminary matter, plaintiffs have failed to establish this Court's subject matter

2

jurisdiction over their claims relating to the legality and accuracy of the tax assessment.[2] The burden of establishing jurisdiction lies with the plaintiff. *E.g., Martens v. United States*, No. 05-1805, 2007 WL 2007580, at *1 (D.D.C. July 6, 2007). Jurisdiction must be established by a preponderance of the evidence. *E.g., id.*

It is axiomatic that "federal courts lack subject matter jurisdiction over suits against the United States in the absence of a waiver." *Buaiz v. United States*, 471 F.Supp.2d 129, 134 (D.D.C. 2007). Plaintiffs devote a significant part of their complaint to challenging the calculation of their tax assessment and to proving their allegations that IRS employees have tampered with their records. (Compl. at 10-20.) However, plaintiffs do not allege that they have either filed a claim for refund or fully paid their federal taxes. Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed . . . ." 26 U.S.C. § 7422(a). Because plaintiffs have not completed these prerequisites, sovereign immunity has not been waived, and this Court lacks jurisdiction to consider plaintiffs' assessment claims. Counts 2, 3, and 15, which reference statutes relating to assessment procedures, are therefore dismissed with prejudice.

## II.   Failure to State a Claim

Plaintiffs' remaining allegations relate to allegedly improper collection activities. This

---

[2] "The subject matter jurisdiction of the Court is constitutionally limited, and the Court has an obligation under these constitutional limits to address its jurisdiction to hear a case, raising the issue *sua sponte* if necessary." *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp.2d 93, 97 (D.D.C. 2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)); *Watts v. SEC*, 482 F.3d 501, 505 (D.C. Cir. 2007)).

Court has jurisdiction over these claims under 26 U.S.C. § 7433. *See* 26 U.S.C. § 7433(a); *Buaiz*, 471 F.Supp.2d at 135. However, plaintiffs' improper collection claims will be dismissed for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and give the plaintiff the benefit of all inferences. *See Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004). Additionally, the pleadings of *pro se* plaintiffs must be construed liberally. *E.g., Lindsay v. United States*, 448 F.Supp.2d 37, 44-45 (D.D.C. 2006); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court "may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002). Although a plaintiff need not provide "detailed factual allegations," it is "a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief . . . .'" *Martens*, 2007 WL 2007580 at *1 (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (alteration in original)). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 127 S.Ct. at 1965). "The court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." *Id.*

Plaintiffs allege that the IRS's assertion of a levy against Clark was improper because she is not a co-owner of the K & M Trucking Company. They maintain that while K & M was formerly run as a partnership, Stephens now runs K & M as a sole proprietor. The IRS's records do not reflect this change. (Def.'s Ex. 1.) According to the documentation defendants provided, Clark remains a general partner of K & M, and as such is liable for the debts of the partnership. *See*

4

*United States v. Galletti*, 541 U.S. 114, 116 (2004); *McCaughey v. Murphy*, 485 S.E.2d 511, 515 (Ga. App. 1997). Plaintiffs challenge the accuracy of the IRS files, but offer no evidence to support "a claim to relief that is plausible on its face" and "above the speculative level." *Twombly*, 127 S.Ct. at 1960.

Plaintiffs also allege that the IRS failed to provide Clark with notice and a hearing prior to the imposition of the levy. *See* 26 U.S.C. § 6330. In order to make out a claim pursuant to 26 U.S.C. § 7433, plaintiffs must allege not only that an employee of the IRS disregarded a provision of this title, but also that they did so recklessly, intentionally, or negligently. *See* 26 U.S.C. § 6330(a)(3)(B). Plaintiffs have alleged no *facts* in support of their claim that any arguable failure to comply with § 6330 was intentional, reckless, or negligent. Rather, they merely offer "a formulaic recitation of the elements of [the] cause of action," which is insufficient to survive a motion to dismiss. *Twombly*, 127 S.Ct. at 1960. Because plaintiffs have asserted no viable claims based on improper collection, Counts 1, 4-6, 11, 12, 14, and 18, which reference the statutory provisions addressing the imposition of levies, are dismissed.

Plaintiffs' remaining counts are entirely devoid of supporting factual allegations. Counts 10 and 17 allege violations associated with the imposition of tax liens, however, nowhere in the complaint do plaintiffs allege that any lien was asserted against them. Counts 13, 16, 24, and 25 merely refer to various statutes governing the operation of the IRS without providing any factual support for the alleged violation. Counts 19-21, 28, 29, and 32 allege violations of several federal statutes, including, *inter alia*, the Federal Records Act and the Paperwork Reduction Act, but no

explanation is given as to how these statutes are pertinent to this case.[3] Counts 7-9 reference IRS service policies, which provide no basis for a cause of action under § 7433. 26 U.S.C. § 7433(a) (providing for a civil action for damages when an IRS employee disregards "any provision of this title or any regulation promulgated under this title . . . ."). Similarly, Counts 22, 23, 30 and 31 reference criminal statutes, which clearly do not provide plaintiffs with any private right of action to support their civil suit, see e.g, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), nor do Counts 26 and 27, which reference Article I, Section 8, Clause 16 and the Thirteenth Amendment to the Constitution. *See e.g.*, *Judicial Watch v. Rossotti*, 317 F.3d 401, 409 (4th Cir. 2003). Because plaintiffs have failed to state a claim for relief in any of these counts, they are dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss [Dkt. 9] is GRANTED, and it is hereby ORDERED that this case be dismissed. Plaintiffs' § 7433 claims are dismissed without prejudice and plaintiffs' remaining claims are dismissed with prejudice.

This is a **final appealable order**. *See* Fed. R. App. P. 4(a).

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   September 28, 2007

---

[3] A common strategy in the *pro se* tax cases that have flooded this Court is to include references to unspecified provisions of the Federal Records Act and the National Archives Act in the "jurisdiction" section of the complaint. *Wesselman v. United States*, -- F.Supp.2d -- , 2007 WL 2332321 at *3 n.2 (D.D.C. Aug. 17, 2007). Here plaintiffs are following the crowd and have added counts asserting a substantive violation of these statutes.

## CERTIFICATE OF SERVICE

Plaintiff(s) in said case states that a copy of this appeal notice has been mailed to the U.S. Attorney of record by depositing a copy in the United States Postal Service with proper postage attached for delivery to the address of record as listed below, on this ___15th___ day of ___October___, year ___2007___.

PAT S. GENIS<br>
Trial Attorney, Tax division<br>
U.S. Department of Justice<br>
P. O. Box 227<br>
Washington, D.C. 20044<br>
Tel./Fax: (202) 307-6390 / 614-6866

_____
Michael Jack Stephens          all rights reserved

cc. File